## J. T. WATSON v. FIRST NATIONAL BANK OF ITASCA.

Application No. 3318.  Decided March 27, 1902.

**1.—Writ of Error—Overruling Decision—Jurisdiction.**

Refusing a writ of error, sought on the ground that the ruling of the appellate court herein holding that a petition abandoned by amendment could be introduced in evidence as an admission by plaintiff overrules the case of Coats v. Elliott, 23 Texas, 612, so as to give the Supreme Court jurisdiction over a case reversed and remanded, it is held that there was no overruling or well defined conflict, the expression of a contrary view in Coats v. Elliott being mere dictum.  (Pp. 351, 352.)

Application for writ of error to the Court of Civil Appeals for the Third District, in an appeal from Hill County.

*J. E. Clarke* and *Wear, Morrow & Smithdeal,* for applicant.

GAINES, CHIEF JUSTICE.—This is an application for a writ of error to review the judgment of the Court of Civil Appeals in a case in which that court reversed the judgment of the trial court and remanded the cause.  In order to show that this court has jurisdiction, it is alleged in the application that the decision of the Court of Civil Appeals overrules the decision of the Supreme Court in the case of Coats v. Elliott, 23 Texas, 612.  We are of opinion that this contention can not be maintained.  In this case the plaintiff, Watson, went to trial upon an amended original petition, and during the course thereof, the defendant offered in evidence the original petition, which, upon objection, was excluded by the court.  The Court of Civil Appeals held that this was error.  The following is the Reporter's statement of the point decided in Coats v. Elliott:  "The defendants also read in evidence, under their answers setting up the statute of limitations, that part of the original petition which alleged that the defendant, Elizabeth Coats, had held possession of the negro, adversely to him, for two years, and claiming her for that length of time.  The plaintiff then offered, and was permitted by the court to read, his amended petition, explaining and amending that part of his original petition; to which the defendants excepted."  The court conclude their opinion upon the question so presented in the following language:  "The court might very properly have declined to permit the original petition to be submitted to the jury.  They had no concern with the pleadings; nor were they the proper subject of evidence or discussion before the jury.  But the original petition having been admitted in evidence, there was no error in permitting the amendment also to be read in connection with it."  The question of the admissibility of the original petition was not before the court and what is said upon that subject is evidently a dictum.  The point was as to the admissibility in evidence of the amended petition at the instance of the plaintiff in rebuttal of the allegations in the original petition already

introduced in evidence by the defendant. The question decided by the Court of Civil Appeals in the present case is a very different one.

We have heretofore held that in order for this court to assume jurisdiction of a case in which the judgment of the trial court has been reversed and the cause remanded, upon the ground of a conflict of decision, a well defined conflict must be shown. Bassett v. Sherrod, 90 Texas, 32. It not having been shown in this application, we are without jurisdiction of the matter and the application is therefore dismissed.

*Application for writ of error dismissed.*