## E. A. Sterling v. A. De Laune.

Decided November 13, 1907.

**1.—Pleading—Due Order—Limitation—General Denial.**

Under our system of pleading it is merely a matter of form that, in pleading matters in bar a general denial of the allegations in the petition should be made before pleading matters in confession and avoidance. Hence, the fact that a plea of limitation is filed before a general denial, is unimportant, in the absence of a special exception calling the fact to the attention of the court.

**2.—Land Agent—Contract vel non—Evidence.**

. The issue being whether or not an owner of land had listed it with certain agents for sale, evidence of the existence of a contract by the owner giving one of the agents an option on the land during the time the listing is alleged to have occurred, is material as tending to disprove the alleged agency.

**3.—Assignment of Error—Disregard of Rules.**

An assignment of error directed against two or more distinct rulings of the court, not a proposition in itself and not followed by a proposition or a statement of the evidence, is not entitled to consideration.

**4.—Evidence—Declarations Against Interest—No Predicate Required.**

Declarations by a party to a suit are admissible in evidence against him, without laying a predicate for their admission as is required for impeaching a witness.

**5.—Evidence—Ruling of Court—Presumption.**

Where an appellant fails to make it appear in his brief what the evidence was which was objected to, the presumption will be indulged, in favor of the ruling of the court, that it was properly admitted.

**6.—Evidence—Comment of Judge—Harmless Error.**

Where testimony is such that the court would be justified in instructing the jury to return a verdict for the defendant if they believed the same to be true, a comment by the judge as to the effect of such testimony, if error at all, is harmless. Remarks of trial judge concerning testimony considered, and held harmless.

**7.—Principal—Subagent—Charge.**

In a suit for commissions upon the sale of land by a subagent, against the principal, the owner of the land, and his agents, the principal would not be liable for a greater percent of commission than he had agreed to pay to the agents. Charge considered, and held, under the evidence, to state the law correctly.

8.—Agency—Ratification.

There can be no ratification without a full knowledge of the facts by the party charged with ratification.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*J. N. Jackson* and *C. A. Lord,* for appellant.

*Crook, Harris & Lawhon,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was originally brought by appellant against the appellee, A. De Laune, and R. D. Orr and R. E. Dickey to recover the sum of $3,500.

The plaintiff alleged as his cause of action, in substance, that on May 5, 1901, and prior thereto that he and Betty Bryan were partners engaged in the business of real estate brokers; that at the same time the defendants, Orr and Dickey, were also partners engaged in the same business; that on said date the appellee, De Laune, claiming to be the owner of a certain tract of land of 580 acres of the J. Garish survey situated in Jefferson County, placed the same for sale with Orr & Dickey with authority to sell the same at $100 per acre, cash, at the same time giving them authority to list said property with other real estate agents, and to agree upon the commission to be paid such other agents as they might list the land with for sale; that on said date Orr & Dickey, with the knowledge and consent of De Laune, listed the land for sale with plaintiff's firm, authorizing it to sell the land at $100 per acre, agreeing to pay his firm a commission of ten percent on said price; that De Laune was then made aware that the land had been placed with plaintiff's firm for sale, and it was to receive such commission, and ratified said acts of his agents, Orr & Dickey, and represented to plaintiff's firm that Orr & Dickey had authority to so list and sell said land and instructed plaintiff's firm to proceed to sell the same upon said conditions; that on or about said date plaintiff procured purchasers for 350 acres of said tract, and the fact that that number of acres could be sold for $100 an acre, cash, was made known by plaintiff's firm to defendants Orr & Dickey, and to their principal, the defendant De Laune, who then agreed that said 350 acres might be sold upon the same terms as if the whole tract was sold, and De Laune and his said agents directed plaintiff's firm to close and consummate the sale of the 350 acres with the purchasers so obtained; that thereupon plaintiff and his firm closed the deal with the purchasers upon the terms aforesaid; that the purchasers so procured were E. G. Scales, who agreed to purchase 175 acres at $100 per acre, John Tackberry, who agreed to buy 100 acres at the same price, and A. Baker, who agreed to buy 75 acres on the same terms; that all of said parties were ready, able and willing to pay $100 per acre cash for the number of acres respectively agreed to be purchased by each, provided the title of defendant De Laune was found to be good and in no way defective, and, as an evidence of their

good faith and ability to purchase, they paid plaintiff and his partner ten percent of the purchase price, as earnest money, to be applied on account of the purchase price in the event the title was good, but to be returned to them if it should be found defective; that thereupon the defendant De Laune and his agent, R. E. Dickey, were advised by plaintiff's firm of the sale as aforesaid and the conditions thereof and each agreed and instructed plaintiff and his firm to consummate the sale upon the terms and conditions agreed upon and to furnish the purchasers with an abstract of title to said lands, and thereafter did furnish said purchasers with such abstract; that said prospective purchasers forthwith caused such abstract of title to be examined by their attorney who, upon examination, advised them that De Laune's title to the tract of land was defective, and, for that reason, the prospective purchasers would not complete the purchase, unless the defects in the title were cured; that De Laune refused to take any steps towards curing said defects, by reason of which the sale was not consummated and the earnest money deposited with plaintiff's firm was returned to the prospective purchasers. That by reason of the failure of the defendants to cure the defect in the title, and of defendant De Laune's failure and refusal to convey said land and carry out his contract, the sale of the 350 acres, negotiated by plaintiff and his partner, was not consummated, though plaintiff and his partner fully performed their contract, and were, therefore, entitled to receive their commissions of ten percent on the purchase price of $35,000, as if the sale had been completed.

That plaintiff's partner, on January 1, 1903, assigned her interest in the firm's right to said commission to the plaintiff; that said sum of $3,500, though long since due, has never been paid, etc.

The plaintiff dismissed his suit as against the defendant Orr & Dickey, and the defendant De Laune answered by general and special exceptions, a plea of the two years' statute of limitation and by a general denial. The trial of the case resulted in a verdict and judgment in favor of the defendant, De Laune.

*Conclusion of Fact.*—The jury was warranted in finding that the evidence was insufficient to prove such allegations of plaintiff as were essential to his recovery.

*Conclusions of Law.*—1. The complaint made by the first assignment of error is that the court erred in permitting the defendant to introduce any testimony, except that in support of his plea of limitation, over the objection of plaintiff that the plea of limitation appeared before the general denial in defendant's answer, the consequence of which was a waiver of the latter plea, because not in due order of pleading. On the same ground, it is urged by the fifteenth assignment that the court erred in submitting any issue to the jury save that of limitation. As these two assignments involve the same question, though presented in different forms, the disposition of one will determine the other.

No exception that the defenses were not pleaded in due order was interposed by the plaintiff to defendant's answer. It is, under our

system of pleading, merely a matter of form that, in pleading matters in bar, a general denial of the allegations in the plaintiff's petition should be made before pleading matters in confession and avoidance. In systems of pleading which require pleas to be consistent, the rule of due order of pleading is founded upon the principle that it would be illogical for the defendant to first interpose a plea which, in effect, admits the facts constituting plaintiff's cause of action and avoids their effect by setting up new matter, and, then, by a subsequent plea, deny all the matters which the other plea admits to be true. But where, as in our system of pleading, the defendant may plead as many wholly inconsistent defenses as he chooses, the appearance in the answer in due order of the pleas in bar is merely a matter of form, the breach of which will not be noticed, unless called to the attention of the court by a special exception to the answer and the defendant given an opportunity to amend by correcting the formal error. Towns on Pleading, 304.

2. The second assignment complains of the court permitting the defendant to introduce in evidence, over plaintiff's objection that it was immaterial and irrelevant, a certain option contract given on April 13, 1901, by the defendant De Laune to R. D. Orr and others affecting the 580 acre tract, of which the 350 acre tract, on which the commission was sued for, is a part. In connection with other testimony, the contract was admissible as a circumstance tending to disprove that the land was never listed by the defendant with Orr & Dickey for sale as alleged by the plaintiff. This was a material allegation which it was essential for plaintiff to prove. The contract was incompatible with the theory that defendant during the period of its existence placed the land in the hands of Orr & Dickey for sale, and is a circumstance tending to show that it was the only agreement defendant had with either of them regarding the land, as they both testified, and that the land was never listed by Orr & Dickey for sale under any such contract as plaintiff alleged.

3. The third assignment of error is directed against two separate and distinct rulings of the court, is not of itself a proposition nor is it followed either by a proposition or statement, as required by the rules of this court. It will not, therefore, be considered.

4. We are unable to recognize the fourth assignment of error as a proposition, or to discern from the statement made under it in appellant's brief what matters testified to by the plaintiff on the former trial were admitted in evidence over the objection of his counsel. The declarations of a party to a suit, against his interest, are admissible in evidence against him, though made by him as a witness upon a prior trial of the case. And no predicate, such as is required for impeaching a witness, need be laid to authorize their introduction, whether such declarations were contrary to what he subsequently swore upon the other trial or not. It not appearing from the statements that plaintiff's testimony on the prior trial, which the assignment complains of being introduced, was not a declaration against his interest, it must be presumed in favor of the ruling of the court that it did not err in admitting such testi-

5. The fifth assignment of error is as follows: "The court committed error in commenting on the testimony being offered by the plaintiff, as shown in plaintiff's bill of exception No. 1, as well as in the transcript of evidence. In the remarks complained of the court expressed an opinion touching the weight of the testimony, spoken in the hearing of the jury, and the same were equivalent to an oral charge to the jury upon the weight of the testimony and bearing directly upon the construction of the testimony then offered, and tantamount to saying that such testimony should be considered in defendant's favor."

The remark of the court referred to in the assignment was: "I don't see why the defendant should want to object to that part of the testimony, that part is right square in favor of the defendant on that particular point." The exception taken to such remark by plaintiff's counsel was in these words: "We except to the remark of the court on that particular point, giving the opinion or expression, of the court to that part of the answer." The court then said to the jury: "Now, I will explain what I meant; it does not lie in defendant's mouth to object to that testimony, for I can see no material injury that could be done the defendant by it. I want to explain my statement; I want you to understand, gentlemen of the jury, I am making no remark for either side; I simply made the remark to Mr. Harris' objection, that I can not see any injurious effect to the defendant by such testimony." After this, the plaintiff's counsel read the answer to the interrogatory, which, if true, should of itself have defeated their client's case. They must have known that such would, in view of all the evidence in the case, be the effect of reading the answer. No comment that could have been made by the judge upon the answer could have possibly added anything to its obvious effect upon the minds of any intelligent body of men. Therefore, if it should be conceded that the remark of the judge was improper, it could not possibly have prejudiced or have influenced the jury in finding the verdict. If the answer was true the plaintiff had no case as against a general denial, and it would not have been improper for the court to have so instructed the jury.

6. It does not appear from any statement in appellant's brief under the sixth assignment of error that the plaintiff's application for a continuance, the introduction of which in evidence is complained of, did not contain declarations of plaintiff against his interest, or what exception was taken by him to its introduction. In the absence of such a statement it will not be considered. Nor will the seventh assignment of error be considered, because there is no statement in appellant's brief showing what the testimony referred to in the assignment was, or that the court was requested by plaintiff to instruct the jury that it could only be considered for the purpose of impeaching plaintiff.

7. The eighth assignment of error is as follows: "The court erred in the first paragraph of his charge in instructing the jury that they must find that De Laune agreed to allow Orr & Dickey a commission of ten percent of the purchase price of the land be-

cause the plaintiff made no such allegations in his pleadings, and none were made by the defendant raising such an issue, and there was no fact in evidence raising such an issue, but on the contrary plaintiff did allege that he did not know what arrangements subsisted between De Laune and his agents, Orr & Dickey, touching said matter."

It will be observed, upon reading the paragraph of the charge referred to in the assignment, that it submits two theories either of which if proved, would entitle the plaintiff to recover. The first is made to hinge upon the contract alleged to have been made by De Laune with Orr & Dickey; if, under it the land was listed by defendant to them for sale at $100 per acre, and they were authorized by defendant to relist the land with Sterling & Bryan for sale at the same price, and did under such authority so relist the land and agreed on their own account to allow them a commission of ten percent for making the sale, the defendant would not be bound by the agreement between them as to the commission, unless he had, in his contract with Orr & Dickey, agreed to pay them at least a commission of ten percent for making the sales. For, unless authorized by defendant, Orr & Dickey could not contract with plaintiff's firm so as to bind him to pay a greater commission than they themselves were to receive. It was, therefore, essential to plaintiff's recovery upon the first theory submitted by the charge for him to prove that "De Laune agreed and promised to pay, or allow the said Orr & Dickey, as a commission for their services in selling said land, ten percent of the purchase price." As it is not claimed by the plaintiff, nor does the evidence tend to show that the commission defendant agreed to pay them exceeded ten percent, the court did not err in so instructing the jury.

The other theory presented by the charge is that Orr & Dickey, with the consent and authority of defendant, authorized Sterling & Bryan to sell the land, and that they, with the authority and consent of De Laune, and acting for him, agreed to allow plaintiff's firm, as compensation for their services in making the sale, ten percent of the purchase price of the land. In submitting this theory, as presented by the charge, plaintiff's right to recover was made to depend upon whether the defendant in his contract with Orr & Dickey had agreed to pay them a commission of ten percent or not. This disposes of the twelfth, as well as the seventh, assignment of error.

8. It is deemed sufficient to say, in disposing of the thirteenth assignment of error, that the first paragraph of the charge, which is again complained of by it, fully and fairly presents the law upon every phase of the case made by the pleadings and evidence upon which the plaintiff could recover, and the jury could have in no way been misled by it.

9. It was not contended by the plaintiff that the land was listed by the defendant himself with Sterling & Bryan for sale; but their contention was that it was listed with them by Orr & Dickey with plaintiff's authority. In view of this, it was essential to plaintiff's recovery that such authority, either express or implied, should be

proved, unless it appeared from the evidence that after the land was placed by defendant with Orr & Dickey they listed it with Sterling & Bryan, and defendant, being aware of such fact, consented for plaintiff's firm to sell it upon the terms claimed by the plaintiff. This is substantially the effect of the second paragraph of the charge, which the fourteenth assignment complains singled out an issue in the case upon which defendant relied and gave it undue prominence. The defendant was entitled to have the issue of Orr & Dickey's authority to place the land for sale with plaintiff's firm directly submitted to the jury for its determination, and affirmatively instructed to return a verdict for him if such issue should be decided in his favor, unless such unauthorized act of Orr & Dickey was in some way ratified by the defendant. The issue was in itself so important that we can hardly perceive how undue prominence could have been given it, and are satisfied that it was not done by the charge.

10. The court, at the request of defendant, instructed the jury that if it believed from the evidence that the terms of the contract, if any, with Baker, Tackberry and Scales were unauthorized by De Laune, then, before it could render a verdict against the defendant on the ground of ratification, the jury must find that he ratified the contract with a full knowledge of the facts and its terms. This charge is assigned as error, upon the grounds that it is upon the weight of the evidence; that it is inconsistent with the main charge; that it is immaterial what the terms of the contract with Baker were, except as to the price of the land and terms of payment; that it gives undue prominence and emphasis to matters already submitted by the main charge, and because no matters of fraud or mistake were pleaded by defendant. It is essential to the ratification by the principal of the unauthorized acts of his agent or of another, that he should know what were the acts of him who assumed to act as his agent. For there can be no ratification of unauthorized acts without knowledge of them. Therefore, when an agent assumes to enter into a contract which is not authorized by his agency, before his principal can be said to have ratified it, it must be proved that he knew or was charged with knowledge of the facts regarding the transaction and the terms of such contract. One theory upon which this action is based is that, though Orr & Dickey may not have had authority to list defendant's land for sale with Sterling & Bryan, yet they did so list the land with them, and they found parties with whom they contracted to sell, and that defendant ratified what they had done. Now, the charge simply informs the jury that before defendant can be held to a ratification of their act in assuming to contract for him it must be proved that he had full knowledge of the facts in relation to and of the terms of the contract. We can perceive no inconsistency in this with anything in the main charge, nor that it is on the weight of the evidence, nor that it gives undue prominence to the issue of ratification, nor that it touches on fraud or mistake. But we will say here, that if a different contract was made than the one alleged and the facts in relation to it and its terms were, either through

fraud or mistake, withheld from the defendant, he could not be deprived of his right to have the law upon the issue of ratification submitted, because the evidence may have tended to show that his lack of knowledge of matters essential to its ratification was induced by the fraud or mistake of other parties.

11. What we have said in considering the second assignment of error is applicable to the first proposition under the seventeenth, and demonstrates that the proposition can not be maintained. We also overrule the second proposition, for there was evidence tending to show that, if the property was listed by Orr & Dickey with plaintiff's firm, it was done under the written contract of April 13, 1901, referred to in this assignment. We likewise overrule the third proposition because such written contract is absolutely incompatible with the allegations upon which plaintiff seeks to recover the commission sued for.

We have thus considered and disposed of all the assignments of error, and, finding none well taken, affirm the judgment.

*Affirmed.*

Writ of error refused.