### WATSON et al. v. WATSON.
### No. 7452.

Court of Civil Appeals of Texas. Austin.
May 28, 1930.

Dibrell & Starnes, of Coleman, for appellants.

Baker & Baker, of Coleman, for appellee.

BAUGH, J.

J. C. Watson sued appellants in trespass to try title to 215 acres of land in Coleman county, Tex., purchased with part of the proceeds derived from the sale of 254 acres of land in Grayson county. Appellants are children and grandchildren of J. C. Watson and M. E. Watson, his deceased wife. The Grayson county land was conveyed to J. C. Watson by his father and mother in 1890 by deed reciting a consideration of love and affection and $5 in cash. Appellants claimed approximately a half interest in the Coleman county land, on the ground that the real consideration for the conveyance of the Grayson county land to J. C. Watson by his father and mother was not that recited in the deed, but his agreement to take care of them the rest of their lives; that he and his wife, through whom appellants claim, did take care of them for some 12 years after said conveyance, at which time the Grayson county land was sold, and that J. C. Watson paid his parents, grantors in said deed, $1,000 to release him from further obligation to care for them the rest of their lives; that by. reason of these facts the Grayson county land became the community property of J. C. and M. E. Watson, and not the separate property of J. C. Watson, as alleged by him. The case was submitted to a jury on special issues, all of which were answered in favor of appellee, and judgment rendered in his favor, from which the defendants have appealed.

Appellants' first proposition complains of the exclusion of the proffered testimony of Mrs. Lucy Elliott, sister of J. C. Watson, to the effect that J. C. Watson had told her before and at about the time the Grayson county land was conveyed to him that the consideration for such conveyance was to be that he take care of the grantors the rest of their lives. This testimony was admissible as a declaration against interest on the vital issue in the case; i. e., What was the actual consideration for said conveyance? The trial court admitted testimony of four of the children of said J. C. Watson and M. E. Watson, deceased, that their father, J. C. Watson, had told them that the consideration for the conveyance to him of the Grayson county land was that he was to care for his father and mother the rest of their lives. This J. C. Watson denied, and the jury found in his favor. These witnesses were interested parties and defendants. But Mrs. Lucy Elliott was a disinterested witness, whose testimony may and probably would have had more weight with the jury. It cannot be said, therefore, that its exclusion was harmless on the ground that such testimony was merely cumulative. Bank v. Cunningham (Tex. Civ. App.) 256 S. W. 317; Warren v. Humphreys (Tex. Civ. App.) 274 S. W. 250, 251.

The testimony also showed that J. C. Watson and his wife did take care of his parents from the time of said conveyance until the Grayson county land was sold, in 1903, but not thereafter. For the same reason we think the proffered testimony of Mrs. Elliott was admissible to the effect that J. C. Watson had also told her after the sale of the Grayson county land that he had paid his parents $1,000 in lieu of taking care of them thereafter for the rest of their lives.

Statements made by the father or mother of J. C. Watson, both of whom are long since dead, that the consideration for their conveyance to J. C. Watson was that he should care for them as long as they lived, were not admissible. Such a consideration would impose a more onerous burden on J. C. Watson than that recited in their deed to him, and would inure to their benefit. It would therefore be self-serving as to them. As stated in Warren v. Humphreys, supra, "Statements made by a party against interests are admissible against him, but any statements made by him which are self-serving are not admissible, and the fact that the party is dead does not change the rule." See, also, cases there cited.

In no event would statements made by the parents of J. C. Watson out of the presence of J. C. Watson as to said consideration be admissible against him. Smith v. James (Tex. Civ. App.) 42 S. W. 792; De Shazo v. Eubank

(Tex. Civ. App.) 191 S. W. 369. See, also, Smith v. McElyea, 68 Tex. 70, 3 S. W. 258.

■ Appellants also complain of the failure of the court to give a charge requested by them relating to special issue No. 1 submitted to the jury. We do not deem it necessary to set out or discuss this issue or the charge here. Suffice it to say that the charge offered was, we think, clearly general in its nature, and, being so, should not have been given in a case submitted on special issues. In view of another trial, we think it not amiss to say that as to this issue some of the objections raised on this appeal could be obviated by submitting to the jury the question or questions as to what was in fact the consideration for the conveyance of the Grayson county land, and not whether same constituted community or separate property of the grantees, involving a question of law.

■ The argument to the jury of counsel for appellee here complained of, and shown by separate bills of exception, was as follows: "That if defendants won this suit they could dispossess the plaintiff and demand a partition of the property and put him off at any time they chose."

And again: "That they (the jury) should not take the old man's property away from him after he was 80 years old and crippled and give it to the children who had not done any work for him and leave the old man without a home."

Appellants' counsel objected to this argument at the time, and requested the trial court to instruct the jury not to consider it, which the trial court refused to do. We think this constituted reversible error.

■■ The land in question was at the time of the trial, and for many years prior thereto had been, appellee's homestead. His children, who were defendants, had all long since married and left home. He was there before the jury, over 80 years of age, crippled, partly deaf, and doubtless in a helpless condition. The natural sympathy of the jury was with him. Not only was such an appeal to them calculated to increase and accentuate that sympathy, and to prejudice the legal rights of the children, which were dependent upon facts as shown to have existed nearly 40 years before, but it was an erroneous statement of the law. The trial court having refused to interefere, the jury could, and probably did, conclude that such statement by counsel of the rights of appellants was correct. It is now well settled, however, that after the death of one spouse the homestead right continues in the survivor, free from interference, so long as he or she continues to use the premises as such, even where all the children have left home. And this by virtue of the Constitution. Woods v. Bank (Tex. Sup.) 19 S.W.(2d) 35;

Bank v. Durham (Tex. Civ. App.) 21 S.W. (2d) 586. And such right would obtain as against the right of the children to have same partitioned even after their interest therein had been established. Article 3501, R. S. 1925.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for a new trial.

Reversed and remanded.