## BERNSTEIN v. HILTON.
### No. 10874.

Court of Civil Appeals of Texas. Dallas.
Dec. 12, 1931.

Rehearing Denied Jan. 16, 1932.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, for plaintiff in error.

W. H. Flippen and John T. Gano, both of Dallas, for defendant in error.

VAUGHAN, J.

For convenience, the parties to this suit will be designated as follows: Plaintiff in error as plaintiff, and defendant in error as defendant, the position they occupied in the trial court.

Plaintiff instituted this suit against defendant on November 12, 1926, to recover on a promissory note executed by defendant August 9, 1923, for $1,332, payable to the order of L. N. Rosenbaum & Co. Plaintiff alleged that said note was indorsed and transferred by L. N. Rosenbaum & Co., for a valuable con-

sideration to L. N. Rosenbaum, who subsequently indorsed and transferred it to plaintiff, who thereby became and is now the legal owner and holder of same.

Defendant, on January 3, 1928, filed his first amended original answer and cross-action, impleading L. N. Rosenbaum, and making allegations in reference to the execution and delivery of said note, not necessary to be herein stated; same, under our view of the case, not being pertinent to the disposition of this appeal.

At the close of plaintiff's testimony, defendant moved the court to instruct the jury to return a verdict in favor of defendant against plaintiff on his cause of action, and against defendant and in favor of plaintiff on defendant's cross-action. The court so instructed the jury, and in accordance therewith, judgment was entered on January 8, 1930, that plaintiff take nothing against defendant. The trial court directed said verdict to be returned on the theory that, although the note was indorsed "L. N. Rosenbaum & Co." and "L. N. Rosenbaum," there was no proof as to who placed the indorsement "L. N. Rosenbaum & Co." on the note, or by what authority it was placed there; and therefore plaintiff had failed to prove his title to the note.

■ We find the following facts to have been established without dispute in the evidence, viz.: That L. N. Rosenbaum was president of L. N. Rosenbaum & Co., a private corporation; that said Rosenbaum paid the corporation the full principal sum of and accrued interest thereon for the note sued upon; that said note bore the indorsements, "L. N. Rosenbaum & Co." and "L. N. Rosenbaum"; that L. N. Rosenbaum executed a written assignment of said note to plaintiff which recited that said note was duly indorsed by L. N. Rosenbaum & Co. to plaintiff.

The above facts we think were sufficient to show that the involved note, payable to the order of L. N. Rosenbaum & Co., was actually transferred by L. N. Rosenbaum & Co. to L. N. Rosenbaum, its president, and that said L. N. Rosenbaum thereafter, by written assignment, transferred the note to plaintiff so as to prima facie vest title thereto in him.

■ If we should be in error in holding that the indorsement of the note by L. N. Rosenbaum & Co. was within itself sufficient to establish the transfer of the note to have been made to L. N. Rosenbaum, then the status of the note on the above facts would be that of an instrument payable to order, transferred by the original holder for value without indorsing it; and the rights of plaintiff therefore would be determined by the following provisions of section 49, art. 5934, R. C. S. 1925: "Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests in the transferee such title as the transferor

had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferor. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made."

Plaintiff did not contend that he was a holder in due course, he having acquired the note after maturity, and therefore took same subject to all defenses that might be interposed against the original payee. Plaintiff, however, contends that the transfer of the note by L. N. Rosenbaum & Co. indorsing thereon for value, even though such indorsement had not been placed thereon, was sufficient to and did transfer and vest in L. N. Rosenbaum, transferee, such title as L. N. Rosenbaum & Co. had therein, and that he acquired title to said note by the transfer made by said L. N. Rosenbaum to him. This we think is sustained by the provisions of section 49, supra.

■■ Plaintiff offered in evidence as admissions against the interest of defendant the following portion of his answer duly signed and sworn to by him, and upon which he went to trial, viz.:

"* * * That the said L. N. Rosenbaum, plaintiff during all of such negotiations above set forth was the President of L. N. Rosenbaum & Co., and was completely in charge of said company and completely in charge of all of the above transactions, above set out, and personally handled same, and that he was aware of and knew of all of such facts above alleged from his own personal connection with the transactions; * * *

"That the said L. N. Rosenbaum was the owner of L. N. Rosenbaum & Co. and simply operated under the name of L. N. Rosenbaum & Co., a corporation * * *

"That the said L. N. Rosenbaum and Co. and the plaintiff L. N. Rosenbaum, were one and the same person. * * *"

Defendant objected to the admissions of said statement on the ground that the introduction of same was permissible only for the purpose of contradicting or impeaching the testimony offered by defendant; and, as no testimony had been offered by him, said statement was not admissible. This objection was sustained.

The excluded admission was material for the purpose of establishing the identity of the indorsement appearing on the note as that of L. N. Rosenbaum & Co.; the question raised being, Was the indorsement that of L. N. Rosenbaum & Co.? The excluded admission was to the effect that L. N. Rosenbaum, the president of L. N. Rosenbaum & Co., a corporation, was the sole owner of its stock at the time said indorsement was made. This ruling of the court was material error.

Houston East & West Texas Ry. Co. v. De Walt, 96 Tex. 121, 70 S. W. 531, 97 Am. St. Rep. 877; Watson v. First Nat. Bank, 95 Tex. 351, 67 S. W. 314; Barrett v. Featherstone, 89 Tex. 569, 35 S. W. 11, 36 S. W. 245; Ogden & Johnson v. Bosse, 86 Tex. 336, at page 344, 24 S. W. 798, 801. In the last-cited case, the following language is used: "It is not necessary for either party to prove that which is distinctly alleged by the adverse party. * * * Each party could, without reading it as evidence, avail himself of whatever admissions were made in the pleading of his adversary, without admitting anything alleged therein favorable to the party pleading."

It was not necessary for plaintiff to lay a predicate as in case of impeachment of a witness or by asking defendant whether he made or authorized to be made the statement which plaintiff intended to offer in evidence before same would be admissible; said admission being original testimony. Sterling v. De Laune et al., 47 Tex. Civ. App. 470, 105 S. W. 1169; 22 C. J. page 410, Sec. 491.

Because of the errors herein pointed out, the judgment of the trial court is reversed, and this cause remanded.