## MARINE PRODUCTION CO. v. RICHEY et al.

### No. 4802.

Court of Civil Appeals of Texas. Texarkana.

Dec. 18, 1935.

Rehearing Denied Jan. 9, 1936.

See, also, 80 S.W.(2d) 390.

Mayfield & Grisham, of Tyler, Geo. Prendergast, of Marshall, Edwin Lacy and Jack E. Price, both of Longview, for appellant.

Wynne & Wynne, of Longview, for appellees.

SELLERS, Justice.

G. W. Richey and a number of others brought this suit against the Marine Production Company in trespass to try title and by a plea of title under the plea of statute of ten years' limitation to recover a 2½-acre tract of land in the Wm. Carlton survey in Gregg county, Tex. The defendant, Marine Production Company, answered by general demurrer, plea of not guilty, and specially pleaded an estoppel against the plaintiffs.

The suit in realty involves the oil and gas leasehold estate on the 2½-acre tract of land. The court submitted the case to a jury upon special issues, and judgment was entered for plaintiffs upon their verdict. Defendant filed a motion for new trial which was overruled by the court, and defendant has duly prosecuted this appeal.

The appellant in its brief has eight assignments of error, seven of which raise questions for our consideration, which, so far as our investigation of the record discloses, were never called to the attention of the trial court for a ruling, either in the motion for a new trial, or in any other way. It seems to be the settled law of this state that an appellate court will not consider an error assigned unless it presents fundamental error when the record fails to show a ruling of the trial court on such point. Phillips Petroleum Co. v. Booles (Tex.Com.App.) 276 S.W. 667.

This case was tried before a jury and all appellant's assignments except one

question the sufficiency of the evidence to support the verdict and the judgment entered thereon, but the matters complained of were not incorporated in appellant's motion for new trial. Under such circumstances the authorities are uniform that this court should not consider the assignments. Foster v. Smith, 1 Tex. 70; Phillips Petroleum Co. v. Booles, supra; Colorado Life Co. v. Newell et al. (Tex.Civ. App.) 78 S.W.(2d) 1049.

It seems from the record that there was a receivership hearing in this case had before the court some time before the trial of the case on the merits, at which hearing the president of the appellant corporation gave evidence under oath. On the trial of the case on its merits the president of the company did not testify, but appellees were permitted to introduce certain portions of his evidence given at the receivership hearing over the objection of appellant that the said L. S. Flanery, the president of the corporation, was not present as a witness in said cause, and no attempt having been shown to secure his presence or testimony, and that same was incompetent, irrelevant, immaterial, highly prejudicial, and hearsay as to defendant, and that there was no proper predicate for the admission of said testimony, and that it was not offered for impeachment purposes.

We are of the opinion that no reversible error was committed by the trial court in admitting this evidence. The question in all material respects is the same as that involved in the case of Sterling v. De Laune, 47 Tex.Civ.App. 470, 105 S.W. 1169, 1172, wherein the court held: "The declarations of a party to a suit, against his interest, are admissible in evidence against him, though made by him as a witness upon a prior trial of the case. And no predicate, such as is required for impeaching a witness, need be laid to authorize their introduction, whether such declarations were contrary to what he subsequently swore upon the other trial, or not. It not appearing from the statements that plaintiff's testimony on the prior trial, which the assignment complains of being introduced, was not a declaration against his interest, it must be presumed in favor of the ruling of the court that it did not err in admitting such testimony."

The judgment of the trial court is affirmed.