### AVANT et al. v. POTEET.

No. 9862.

Court of Civil Appeals of Texas. San Antonio.

June 3, 1936.

R. R. Smith and Frank W. Steinle, both of Jourdanton, for plaintiffs in error.

A. N. Steinle and H. D. Barrow, both of Jourdanton, for defendant in error.

MURRAY, Justice.

Defendant in error, M. J. Poteet, instituted this suit in the district court of Atascosa county, on September 4, 1934, against Dollie Mangum and husband, A. W. Mangum, Leola Avant and husband, Charles Avant, W. A. Holder, Louvicia Dixon and husband, T. C. Dixon, Albert Holder, Jesse Holder, George Sutton, Mary Sutton Pankey and husband, W. H. Pankey, seeking, in a trespass to try title suit, to recover the title and possession of 202 acres of land located in Atascosa county. Defendant in error affirmatively plead the three, five, and ten-year statutes of limitation (Vernon's Ann.Civ.St. arts. 5507, 5509, 5510).

District court convened in Atascosa county on Monday December 10, 1934. This cause being an appearance case at that term, it was called for trial on the morning of December 11, 1934, at which time no answer had been filed by any of the above-named defendants. However, counsel appeared in open court for said defendants and requested that the cause be set for trial. His request was granted and the cause set for trial Wednesday, December 12, 1934, at 9 a. m. The jury panel for the week was at this time present in court. Article 2125, R.C.S. 1925, expressly makes it the duty of a party desiring a jury in an appearance case to make such demand and pay a jury fee not later than the second day of the term. Attorney for defendants did not comply with the provisions of this article.

On Wednesday December 12, 1934, the above-named defendants filed their original answer setting up cotenancy and lack of notice of ouster in the following language: "That the land in controversy was the community estate of said J. W. Sutton, Sr. (and Rachel Sutton and these defendants and said J. W. Sutton, Jr.), the heirs at law thereto, and tenants in common in the ownership of said 200 acres of land, and that plaintiff, if any interest he has, claims under said J. W. Sutton, Jr., which defendants specially plead against the plaintiff's plea of 3, 5 and 10 years' limitation, and deny that they ever had notice of any ouster therefrom."

In reply to this cross-action by defendants below, M. J. Poteet filed his supplemental petition pleading, among other things, ouster of cotenants.

At this juncture defendants below demanded a jury and tendered a jury fee, which was overruled by the trial court with the statement that no jury then being present in attendance on court, but having been excused until Thursday, December 13th, at which time a jury case had been set for trial, that to grant defendants' belated demand for a jury would disrupt his docket.

The cause then proceeded to trial before the court without a jury and resulted in judgment for M. J. Poteet for the title and possession of the 202 acres of land as prayed for by him. From this judgment Leola Avant, Charles Avant, W. A. Holder, Wallace Holder, Jesse Holder, George Sutton, Mary Sutton Pankey, W. H. Pankey, Louvicia Dixon, and T. C. Dixon have prosecuted this writ of error. Defendants below, Dollie Mangum, A. W. Mangum, and Albert Holder, have not prosecuted any appeal from the judgment.

■ The first question arising is, Did the trial judge abuse his discretion in refusing plaintiffs in error a jury trial? They failed to demand a jury at the proper time. No jury was present in attendance on court when the belated demand for a jury was made. Plaintiffs in error are in no position to plead surprise at Poteet's plea of ouster, because this issue was raised by them in their answer, filed on the day of trial.

The trial judge, in qualifying plaintiffs in error's bill of exception taken to his action in overruling their motion to have this case placed upon the jury docket, stated:

"The postponement of the case, at this time, under the circumstances, would disorganize and disrupt the docket for the week."

In view of this qualification, we conclude that the trial judge did not abuse his discretion in refusing to transfer this cause to his jury docket. Public Indemnity Co. v. Pearce (Tex.Civ.App.) 56 S.W.(2d) 906.

■ One of the closely contested questions on the hearing on the merits of this case was the question of notice of ouster. It is clear that the common source of title is John Sutton, Sr., and his wife, Rachel Sutton. John Sutton, Sr., died intestate, in the year 1888, leaving surviving him his widow, Rachel, and four children, J. W. Sutton, Jr., and three daughters, Louvicia, Rebekah, and Hattie Sutton. Louvicia Sutton Dixon is still living and is one of the plaintiffs in error herein. Rebekah and Hattie are both dead and the other plaintiffs in error are the heirs of either Rebekah or Hattie. John W. Sutton, Jr., purchased the one-half interest of his mother, Rachel, in the 202 acres of land, and he unquestionably inherited a one-eighth interest of the land, and thus the plaintiffs in error are only claiming a three-eighths interest. John W. Sutton, Jr., went into possession of this land as a cotenant with the other heirs of John Sutton, Sr., and the burden was upon defendant in error to establish notice of ouster of cotenants.

Upon this crucial question in the case three of the defendants below attempted to testify that John W. Sutton had never said anything to them about claiming the entire tract as against them.

■ This testimony was excluded as being that class of testimony prohibited by the provisions of article 3716, R.C.S.1925, which reads as follows:

"Art. 3716. *In actions by or against executors, etc.*—In actions by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

It is clear that the above article does not apply to this suit. It is in effect a suit by M. J. Poteet against the heirs of John Sutton, Sr., not the heirs of J. W. Sutton, Jr. In Stiles v. Hawkins (Tex. Com.App.) 207 S.W. 89, 96, the court said:

"Objection was also made to the admission of the testimony of certain of the plaintiffs to statements and conversations with Zilpah Mullins during her lifetime, based upon article 3690, Revised Statutes 1911. As we have heretofore held, the executors of Zilpah Mullins were not necessary parties to this suit. The inhibition against parties testifying to conversations and transactions with the deceased is limited to actions by or against executors, administrators, guardians, heirs, or legal representatives. It has been held that the statute applies only to the particular classes of persons named therein and that legatees and devisees do not come within the meaning of the terms used. Newton v. Newton, 77 Tex. 508, 14 S.W. 157."

■ The proffered testimony was admissible and, after an examination of the record, we conclude that plaintiffs in error were definitely injured by the exclusion thereof. The action of the court in excluding this testimony presents reversible error.

Accordingly, the judgment of the trial court will be reversed and the cause remanded.

Reversed and remanded.