## UTILITIES NATURAL GAS CORP. et al. v. HILL.

No. 14256.

Court of Civil Appeals of Texas. Dallas.

April 13, 1951.

Rehearing Denied May 11, 1951.

Kilgore & Kilgore, Chrestman, Brundidge, Fountain, Elliott & Bateman and Andrew J. Thuss, Jr., all of Dallas, for appellants.

Wm. M. Hill, of Dallas, for appellee.

CRAMER, Justice.

The parties will be designated as in the trial court. Joe L. Hill, plaintiff, filed this suit against the Utilities Natural Gas Company, hereinafter referred to as Utilities,

Clint W. Murchison, Sr., hereinafter called Murchison, Sr., Clint W. Murchison, Jr., hereinafter called Murchison, Jr., Wofford Cain, hereinafter called Cain, the Reserve Loan Life Insurance Company, hereinafter called Insurance Company, and John Dabney Murchison, hereinafter called J. D. Murchison, to recover a commission of 5% on a sales contract negotiated by him for Utilities with the Central Power & Light Company, hereinafter called Light Company; such sales contract being a renewal (upon altered terms as to duration, price and tax provisions) of a previous contract under which Light Company purchased gas as fuel for its light plant from Utilities. The expiring contract was not satisfactory to the Light Company, who had negotiated with and received a bid from a competing company.

The term desired by Light Company on a renewal contract was 20 years; by Utilities 10 years. The new contract negotiated by Hill was for 12 years. The price finally agreed upon by Utilities and Light Company was substantially the same as that offered by the competing company. The tax clause was also changed (favorable to Light Company) by compromise before the signing of the new contract. Plaintiff Hill, in his pleading, first claimed an express oral agreement with Murchison, Sr., as a representative of Utilities, for a 5% commission based on total sales for the duration of the contract, to be computed as if the contract would cause the same amount of gas to be sold per year as was delivered by Utilities to the Light Company during the year 1947. Such agreement was claimed to have been entered into while plaintiff Hill and defendant Murchison, Sr., were on an airplane trip, while they were alone, and no one else knew of such agreement until Hill made his demand for compensation.

In the alternative, plaintiff sought recovery against defendants on a quantum meruit basis.

Joined with this cause of action, plaintiff Hill, in addition to Utilities and Murchison, Sr., sued Wofford Cain, J. D. Murchison, Murchison, Jr., and the Life Insurance Company, based on an alleged shifting of assets of Utilities by transfer (mainly through a corporation that existed for only one day) to the individual defendants, the Life Insurance Company and a newly created corporation. Murchison, Sr., owned practically all the stock of the newly created corporation and also of the Life Insurance Company.

On July 22, 1949, after the filing of the present suit and on application for appointment of a receiver for Utilities and for injunctive relief against Murchison, Sr., Murchison, Sr., and Wofford Cain jointly agreed to personally pay any judgment against Utilities, rendered in favor of plaintiff Hill, either on the alleged oral commission contract or on the quantum meruit count; and further that the judgment itself should be against them jointly with Utilities. An order was entered therein which approved such agreement and recited that final judgment "shall likewise provide that (defendants C. W. Murchison and Wofford Cain having jointly and severally guaranteed the payment thereof) plaintiff shall likewise have judgment against said individual defendants and guarantors of the judgment against said corporation."

The application for receiver and injunctive relief based on the agreement and provision for personal judgment against Murchison, Sr., and Wofford Cain was then overruled.

Thereafter, but prior to the trial, defendants by motion sought to secure separate trials, (1) on the right of plaintiff to recover compensation upon the alleged oral contract (or on his quantum meruit count) against Utilities, Murchison, Sr., and Cain; and (2) if he prevailed on his first count, then on his right to recover also against the other parties, based on the alleged stripping operations of Utilities.

The trial court overruled such motion and on September 19, 1949 the cause went to trial on the merits, and was concluded September 29, 1949. The jury's verdict was favorable to appellee Hill, and the court rendered judgment for the plaintiff for $50,647.26 (being $51,347.26, less $700 advanced by defendant Utilities to plaintiff during the time of the negotiations result-

ing in the signing of the contract), plus interest and costs.

Defendants (appellants) brief twelve points of error.

Points 1 and 2 complain (1) of the court's overruling of their motion to sever, and its refusal to try the issues of commission or quantum meruit recovery separately from the issues on the alleged fraudulent shifting of the assets of Utilities by the individual defendants, and · (2) the prejudicial manner in which the evidence on the second count was presented by plaintiff Hill which resulted in defendants being denied a fair trial. Appellee counters that the trial court did not abuse his discretion in entering the order complained of and that the evidence being interlocking on the two counts, they were properly joined and tried together.

■ Under Rule 174, Vernon's Rules of Civil Procedure, the trial court has a wide discretion in the matter of joinder and severance of separate counts or causes of action. Montgomery v. Willbanks, Tex. Civ.App., 202 S.W.2d 851. The controlling reasons for a severance are (1) the doing of justice, (2) the avoiding of prejudice, (3) the furtherance of convenience. Society of European Stage·Authors and Composers v. WCAU Broadcasting Co., D. C., 35 F.Supp. 460; United States v. 340 Acres, etc., D. C., 64 F.Supp. 117. In the application of the rule, each case stands on the peculiar facts involved therein. Examining the record here, we are of the opinion that the two counts do not involve substantially the same evidence, and further that the trial of the two counts together could, and did, prejudice defendants to such an extent that the overruling of the motion for separate trials denied them a fair and impartial consideration by the jury on the first count.

The evidence on the first count was not complicated, in that it involved primarily only the testimony of two parties,—appellee Hill and appellant Murchison, Sr., together with material circumstances connected with the reasons for the agreement, such as their prior dealings together, their former business connections, etc. A finding by the jury, either way, could have made a trial on the second count unnecessary, in that if the jury found there was no agreement as claimed, final judgment could have been entered on the entire case in favor of all defendants. If the verdict had been that the agreement was made as alleged, judgment could have been entered against the defendants, Utilities, Murchison, Sr., and Cain, and a trial on the second count had only if such judgment was not paid. On the question of a trial of the second count, with the first count being prejudicial to defendants, an examination of the record shows that numerous witnesses were examined in detail as to (1) transactions in which large sums of money were transferred ·between the parties to this suit; (2) as to an organization of a holding company which was in existence for only a day and thereafter immediately dissolved; (3) the shifting of assets of Utilities through said one-day corporation; (4) the organization of a new corporation to which a large part of the assets of Utilities was transferred; (5) the transfer of practically all of the stock in Utilities to Reserve Loan Life Insurance Company; (6) the ownership of stock in the Insurance Company being practically all owned by Murchison, Sr.

■ Although the evidence revealed that such transfers, etc., of assets, stock, etc., were handled under the direction and advice of income tax experts, the manner in which the evidence was introduced left the impression that such transfers were made to avoid payment of income taxes. These matters could, and in our opinion did, influence and prejudice the jury on an issue collateral to the main issue in the case; that such evidence led the jury to believe that the defendants were avoiding legitimate income tax payments and that such evidence did deprive defendants of receiving a fair trial before the jury on the main issue in the case, to wit, whether there was an oral contract for commission, orally agreed to by Murchison, Sr., with Hill. The trial court therefore erred in not sustaining the motion for separate trials for three reasons, to wit: (1) Such separation would have avoided

the prejudice; (2) the separation would have furthered convenience; (3) would have promoted justice, and would have given a fair trial to all parties. Points 1 and 2 are sustained.

Appellants' third and fourth assignments complain of the sustaining of special exceptions, motions to strike, and the actual striking from appellants' pleadings and thereafter excluding direct evidence by appellants, and their legitimate cross-examination of appellee as to prior dealings between Hill and Utilities and Murchison, Sr., involving the same subject matter involved in the original contract between Utilities and Light Company wherein appellee performed the same services for $1,-000. Appellee counters such points by asserting no error in connection therewith because an attempt to inject into the case another contract at another time would require the submission of evidence bearing upon an explanation of such extraneous matters involved and whether such services were, or were not, rendered upon an express contract or otherwise, and would result in the trial of such collateral issues.

 Appellants' points, in our opinion, should be sustained. Bell v. Swim, Tex.Civ.App., 178 S.W. 850, affirmed Sup. Ct., 229 S.W. 470. In 17 Tex.Jur. 378, the applicable rule is stated as follows: "Evidence as to prior transactions between the parties is admissible where it tends to illustrate the transaction in question, or to show the existence of a claimed relation between them, or where the question of intent or knowledge is material, or where it is offered to explain a party's conduct in other transactions shown by the adverse party." See, also, Wade v. Love, 69 Tex. 522, 7 S.W. 225; Chilson v. Oheim, Tex.Civ.App., 171 S.W. 1074; Sterling v. De Laune, 47 Tex.Civ.App. 470, 105 S.W. 1169; Panhandle Construction Co. v. City of Spearman, Tex.Civ.App., 89 S. W.2d 1053; Watson v. Watson, Tex.Civ. App., 28 S.W.2d 1100; Simmons v. Eakin, Tex.Civ.App., 54 S.W.2d 1045; Beard v. Clark, Tex.Civ.App., 83 S.W.2d 1023; Star Refining Co. v. Butcher, Tex.Civ. App., 84 S.W.2d 303; Edwards v. West

Texas Hospital, Tex.Civ.App., 89 S.W.2d 801; Avant v. Poteet, Tex.Civ.App., 95 S.W.2d 741; Tyreco Refining Co. v. Cook, Tex.Civ.App., 110 S.W.2d 219. See Note, 24 Texas Law Review 95, and "Law of Evidence," sec. 696, p. 904, by McCormick and Ray, where it is stated: "Another class of civil cases in which one of the principles discussed in the preceding section finds application is that where the terms of a contract (sale, employment or agency) are in dispute. Other instances of the making of similar contracts may indicate a general plan or system of making such contracts which was likely carried out in the instance in question. Where the other contracts were with the same person there seems to be no doubt of their admissibility provided they are so connected as to indicate a general plan or system of which they are parts." These points are sustained.

Appellants' fifth and sixth points complain (5) of the sustaining of special exceptions to allegations in their trial amendment and supporting evidence tendered thereon showing the total realizable profits to Utilities for the 12-year operation under the contract to be little more than $6,000; the amount claimed by plaintiff as commission being slightly less than such amount; and (6) error in excluding defendant's testimony as to cost to it of gas in the field, showing the unreasonableness of the contention that such agreement was made by Clint W. Murchison, Sr., with plaintiff. Plaintiff counters that there were no errors in such rulings, especially since the same testimony was subsequently admitted in evidence before the jury. Such counter contention by plaintiff is denied by Utilities and the other defendants.

 We are of the opinion that the exclusion of the testimony was error unless plaintiff Hill's contention that the same evidence was subsequently introduced by defendants is correct. Our examination of the record shows that the same evidence was not introduced by defendants. It appears that the evidence, excluded after the exceptions were sustained, was contained in what is called the "Steinberg

Report" which was attached to letter introduced by plaintiff Hill. It appears however that defendants' attorney asked plaintiff's attorney whether he offered the "Steinberg Report" attached to the letter introduced, and plaintiff's attorney answered: "No, I offered the letter; I didn't offer the contents of the report on investigations, but just as something accompanying the letter." The letter was then identified by the reporter as Utilities' exhibit No. 7. Nothing in the statement of facts reflects that it was offered or admitted in evidence, or read to the jury. We therefore sustain appellants' points 5 and 6. De Witt v. Bowers, Tex.Civ.App., 138 S.W. 1147; Dudley v. Strain, Tex. Civ.App., 130 S.W. 778.

Appellants' point 7 complains of the admission before the jury, over their objection that same was irrelevant, immaterial, and prejudicial, of the financial statements of Murchison, Jr., and J. D. Murchison, sons of Murchison, Sr., showing assets of over $19,000,000. This evidence was prejudicial and not material to any issue of fact in connection with the alleged stripping of assets of Utilities. The fact that Murchison, Sr., might have intimated that he was raised a poor boy, and also that Wofford Cain was raised a poor boy, would not make material the net worth of C. W. Murchison's sons who were defendants on the second count. Point 7 is sustained.

Appellants' point 8 asserts that the oral contract for a commission is within the statute of frauds, Art. 3995a, Vernon's Ann.Civ.St. We do not so construe the contract here as to make it one within the statute. It is not a sale of oil and/or gas mining leases, or of oil and/or gas royalties, or minerals or mineral interests,—the only classes of sales that come within Art. 3995a, supra. Dashko v. Friedman, Tex. Civ.App., 59 S.W.2d 203, and cases there cited. Point 8 is overruled.

Points 9 and 10 assert that there is no basis in the evidence and stipulations to sustain the jury findings for plaintiff against defendant Utilities or against the

Murchisons, Cain, or the Insurance Company. These points are based on the contention that there is no evidence that Murchison, Sr., had authority to make the contract for Utilities, or of its acceptance of plaintiff's work with knowledge of such alleged agreement for a 5% commission; and there is no evidence that he was then claiming the commission.

Considering the evidence and the findings, we cannot say there is no evidence to sustain the judgment against Utilities on the alleged oral agreement for a commission. Plaintiff Hill himself testified to the agreement; and while there is no direct evidence of Murchison's authority to make the agreement, if he made it, the circumstances are sufficient to make the fact an issue for the jury. Points 9 and 10 are overruled.

Point 11 asserts that the evidence is insufficient to support plaintiff's claim to a commission based on an alleged agreement admittedly made after the relationship of attorney and client arose between the parties. Such contention was an independent ground of defense and the relationship, if any, of attorney and client was, under the evidence as a whole, a disputed fact issue. Such disputed fact issue (and independent ground of defense) was neither requested to be submitted by the defendants, nor submitted to the jury by the court in its charge. It was therefore waived by defendants. Wichita Falls & O. Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79. Point 11 is overruled.

Point 12 is as follows: "The cumulative effect of all the errors establishes that defendants did not receive a fair trial and requires a reversal of the judgment against them." We sustain this point. White Cabs v. Moore, Tex.Civ.App., 199 S.W.2d 202, syl. 14; reversed on other grounds, 146 Tex. 101, 203 S.W.2d 200; Smerke v. Office Equipment Co., 138 Tex. 236, 158 S.W.2d 302.

For the errors pointed out, the judgment below is reversed and the cause remanded for another trial not inconsistent with this opinion.