IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2024

## JASHUN ANTRAVIOUS JARRETT v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
No. C-23-237      Donald H. Allen, Judge
_____

## No. W2023-01636-CCA-R3-PC
_____

Petitioner, Jashun Antravious Garrett, pleaded guilty to one count of aggravated robbery and one count of theft under $1,000 and was sentenced to an effective eight years of incarceration. More than one year after the trial court entered judgments on Petitioner's convictions, Petitioner filed a petition for post-conviction relief from his convictions. The post-conviction court summarily dismissed the petition as untimely. Petitioner then filed an untimely notice of appeal with this court. Based on Petitioner's untimely notice of appeal, his appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

MATTHEW J. WILSON, J., delivered the opinion of the court, in which TIMOTHY L. EASTER, J., joined. ROBERT H. MONTGOMERY, JR., J., concurred in the result only.

Jashun Antravious Jarrett, Only, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Shaun A. Brown, Deputy District Attorney General, for the appellee, State of Tennessee.

## OPINION

On July 6, 2022, Petitioner pleaded guilty to one count of aggravated robbery and one count of theft under $1,000. As part of the plea agreement, Petitioner was sentenced to eight years in confinement and the State dismissed a second count of theft against Petitioner. The corresponding judgments were entered by the trial court and filed on July

8, 2022.  On August 31, 2023, Petitioner filed a petition for post-conviction relief with the trial court.  On September 21, 2023, the post-conviction court entered an order dismissing the petition as time-barred.  The court's order stated, in pertinent part:

1. That [Petitioner] pled guilty in this matter on July 6, 2022, and the Judgments were entered on July 8, 2022[;]

2. That [Petitioner] filed a Petition for Relief from Conviction or Sentence on August 31, 2023[;]

3. That the 1-year statute of limitations for post-convictions expired prior to [Petitioner] filing his Petition[;] and

4. That [Petitioner's] Petition for Relief from Conviction or Sentence should be dismissed since the statute of limitations expired.

On or about October 5, 2023, Petitioner executed and mailed a "Motion for a Rehearing on the Order Dismissing Petitioner's Petition for Relief from Conviction or Sentence" to the post-conviction court, which was filed by the circuit court clerk on October 16, 2023.  Petitioner did not include an order from the trial court adjudicating this motion in the appellate record.  However, on November 17, 2023, Petitioner mailed a notice of appeal of the post-conviction court's dismissal of his post-conviction petition to the clerk of this court.

## ANALYSIS

As a preliminary matter, the State asserts that this appeal should be dismissed due to Petitioner's failure to timely file a notice of appeal.  Pursuant to Rule 4(a) of the Tennessee Rules of Appellate Procedure, a notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of the entry of the judgment appealed from."  Rule 4(a) goes on to explain that, unlike in civil cases, notices of appeal filed in criminal cases are "not jurisdictional and the timely filing of such document may be waived in the interest of justice."  Tenn. R. App. P. 4(a).  The appellate court "shall be the court that determines whether such a waiver is in the interest of justice."  *Id.*

Upon our review of the record, we agree with the State that Petitioner's notice of appeal is untimely.  The judgment of the post-conviction court that Petitioner seeks to appeal was entered on September 20, 2023.[1]  Petitioner's notice of appeal was filed, at the

---

[1] The clerk's file stamp on the order has the date of September 20, 2023, as does the certificate of service showing it was mailed to Petitioner.  Further, the record contains an affidavit from a deputy clerk

earliest, on November 17, 2023.[2]  Therefore, the notice of appeal was filed approximately two months after the post-conviction court's entry of a final judgment and approximately one month after the time limitation for Petitioner to file a notice of appeal had expired.

Furthermore, Petitioner has failed to show that this court should accept his late-filed notice of appeal due to the interest of justice.  In fact, he did not even request that we do so.  Petitioner failed to acknowledge or explain the reasons for his late filing in his appellate brief.

We acknowledge that certain pleadings filed by criminal defendants with trial courts may toll the commencement of the thirty-day period for filing a notice of appeal. Specifically, Rule 4(c) of the Rules of Appellate Procedure states as follows:

> (**c**) **Termination by Specified Timely Motions in Criminal Actions.**  In a criminal action, if a timely motion or petition under the Tennessee Rules of Criminal Procedure is filed in the trial court by the defendant: (1) under Rule 29(c) for a judgment of acquittal; (2) under Rule 32(a) for a suspended sentence; (3) under Rule 32(f) for withdrawal of a plea of guilty; (4) under Rule 33(a) for a new trial; or Rule 34 for arrest of judgment, the time for appeal for all parties shall run from entry of the order denying a new trial or granting or denying any other such motion or petition.

However, Petitioner's "Motion for a Rehearing on the Order Dismissing Petitioner's Petition for Relief from Conviction or Sentence" that he filed with the post-conviction court on October 5, 2023, is not included in the list of pleadings outlined above that would toll the time limitations for appealing to this court.  *See State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (citing *State v. Lock*, 239 S.W.2d 436, 440 (Tenn. Crim. App. 1992) ("[A] motion to reconsider is not among the specified motions that toll the thirty-day requirement.")); *see also Kennedy v. State,* No. W2010-00278-CCA-R3-PC, 2010 WL 4324401, at \*2 (Tenn. Crim. App. Oct. 28, 2010) ("Clearly, a motion to reconsider is not among the specified motions that toll the thirty-day requirement.").  Thus, the thirty-day

---

attesting the order was filed on that date.  The trial court's notation that the order was signed on September 21, 2023, appears to be a scrivener's error.  The discrepancy does not affect the outcome of this appeal.

[2] Petitioner is a pro se litigant incarcerated at a correctional facility.  To that end, pleadings prepared by him or on his behalf "shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. App. P. Rule 20(g).  Although the notice of appeal was not filed by the clerk of this court until November 20, 2023, there is an indication on the notice that Petitioner placed it in the prison mail system for filing on November 17, 2023.  The difference between these two dates has no bearing on the outcome in this case.

limitations period for filing an appeal began to run on the date the post-conviction court denied his petition, and Petitioner's notice of appeal was untimely when he filed it approximately one month late.

## CONCLUSION

In light of the foregoing reasoning and authorities, we conclude that Petitioner's notice of appeal was not timely filed, and his appeal, therefore, is dismissed.

_____

MATTHEW J. WILSON, JUDGE