## BELL v. SWIM.    (No. 85–2887.)

(Commission of Appeals of Texas, Section A.
April 6, 1921.)

**1. Assignments for benefit of creditors ⬥⇒284—Assignee's liability to creditors not dependent on directions of assignor.**

In action by son's creditor against father on the ground that father on conveyance to him of property for that purpose assumed payment of son's debts, refusal of special requested charge as to whether the son directed third person to convey land to father for the purpose of paying off the indebtedness due by the son *held* proper, since father's liability to son's creditor could not be made to depend merely upon directions from son to third party to which father was a stranger.

**2. Assignments for benefit of creditors ⬥⇒31—Father assuming payment of son's debts held liable to creditor.**

Father, having expressly assumed payment of son's debt in consideration of the conveyance to father of certain land, was liable to son's creditor unless debt was barred by limitations.

**3. Limitation of actions ⬥⇒127(4)—Original petition against father assuming son's debts held to save amended petition from limitations.**

Petition, alleging that defendant for a valuable consideration assumed payment of note executed by son, *held* to save from limitations amended petition alleging that son turned over to defendant practically all of his property in consideration of defendant's assumption to pay son's debts, that land was conveyed to defendant with the agreement that defendant would use either the land or the proceeds to pay son's debts, and that defendant expressly agreed to pay note on plaintiff's agreement not to sue son thereon.

**4. Assignments for benefit of creditors ⬥⇒295 (8)—Findings held not inconsistent.**

In action by son's creditor against father on ground that father assumed payment of son's debts, findings that land was conveyed to father to pay the son's debts, that father after a settlement kept the land to use it for the proceeds of its sale for the purpose of paying the son's debts, that he kept it in consideration that he would pay the debt, and retained it with that understanding, *held* not inconsistent.

**5. Trial ⬥⇒357—Answer held responsive to special issue.**

In action by son's creditor against father on the ground that father assumed payment of son's debts, answer of, "This land was deeded to pay the P. (son's) debts," *held* sufficiently responsive to special issue as to whether land had been conveyed to the father to pay off son's debt to plaintiff.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by S. E. Swim against H. A. Bell. Judgment for plaintiff was affirmed by Court of Civil Appeals (178 S. W. 850), and defendant brings error. Affirmed.

L. P. Bonner and Cecil Storey, both of Vernon, and Turner & Rollins, of Amarillo, for plaintiff in error.

Berry, Stokes & Morgan, of Vernon, for defendant in error.

TAYLOR, P. J. On October 26, 1912, S. E. Swim, defendant in error, sued H. A. Bell, plaintiff in error, and his son, P. C. Bell, subsequently deceased, declaring upon a note for $1,590 dated October 29, 1908, due one year after date. The note was executed by P. C. Bell, payable to plaintiff in error.

The original petition alleged, in addition to the averments made for the purpose of showing the liability of P. C. Bell on the note, that H. A. Bell for a valuable consideration assumed payment of the note and became liable therefor.

On August 16, 1913, a first amended original petition was filed suggesting the death of P. C. Bell, and making his wife and children parties defendant. The note was again declared upon, and the facts were set out somewhat in detail respecting the liability of H. A. Bell and his assumption of the note.

The material allegations of the amended petition bearing on H. A. Bell's assumption are, substantially, that in January, 1909, P. C. Bell turned over to him practically all of his property, both real and personal, in consideration whereof he assumed to pay the debts of P. C. Bell; that the property turned over consisted of 735 acres of land and certain personal property, including $3,000 in vendor's lien notes executed by A. G. Curtis as the purchase price of 200 acres of land bought by him from P. C. Bell. Other alleged facts enlarging upon the original allegation that H. A. Bell assumed payment of the note are that Curtis conveyed to him the 200 acres of land in consideration of the cancellation of the notes for $3,000; that the land was so conveyed with the agreement that H. A. Bell would use either the land or the proceeds thereof to pay the debts of P. C. Bell; that H. A. Bell, soon after the transfer and assignment of P. C. Bell's property to him, informed defendant in error of the assignment; and that in consideration thereof he had agreed to pay all of P. C. Bell's debts.

A second amended original petition was filed September 19, 1913, declaring, as in the other petitions, upon the note. The allegations were fuller and more in detail than those of first amendment in stating the facts relating to the terms of the assignment, and the assumption of liability by H. A. Bell. Some of the matters alleged, particularly in the fourth and sixth paragraphs, are, in substance, that in January, 1909, P. C. Bell and

⬥⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

wife assigned to H. A. Bell practically all their property, in consideration whereof H. A. Bell assumed payment of P. C. Bell's debts, including the note sued on; that it was agreed between P. C. and H. A. Bell that the latter should have a reasonable time to close up the affairs of the former and make said payment; that about February 10, 1909, H. A. Bell told defendant in error that he had assumed payment of P. C. Bell's debts and promised to pay the note sued on; that on that date defendant in error advised H. A. Bell that he would take legal steps to collect the note; that H. A. Bell thereupon informed him that P. C. Bell had conveyed to him all of his property, and that in consideration thereof he was to pay P. C. Bell's debts; that H. A. Bell then promised that if defendant in error would not sue on the note he (H. A. Bell), would pay it as soon as he could arrange his son's affairs; that he thereby induced defendant in error not to sue, and continued his promises to pay until his repudiation thereof on February 16, 1912; that he did not repudiate the promises so made until he had conveyed the 200 acres of land to other parties and converted the proceeds to his own use, at which time P. C. Bell was wholly insolvent.

The fifth and seventh paragraphs of the second amended petition allege that on February 6, 1911, A. G. Curtis conveyed to H. A. Bell, at the direction of P. C. Bell, the 200 acres of land purchased from P. C. Bell, in consideration of the cancellation of the notes given in payment therefor; that on February 9, 1911, the Bells settled their affairs; that at that time practically all of the debts of P. C. Bell had been paid (535 acres of the 735 acres previously conveyed to H. A. Bell had been reconveyed by him to P. C. Bell's wife); that it was then agreed that H. A. Bell should keep the 200 acres of land conveyed to him by Curtis, for the purpose of paying the note sued on, or in consideration that he should pay it; that H. A. Bell did keep the note, for that purpose and upon that consideration, and verbally agreed to pay it with the land, or with its proceeds or agreed to assume, and did assume, payment of the note, in consideration of keeping the land; that on February 16, 1912, H. A. Bell sold the 200 acres of land to other parties and converted the proceeds of the sale thereof to his own use and refused to pay the note.

Exception of plaintiff in error to paragraphs 4 and 6 referred to above was sustained on the ground that the matters alleged therein as a basis of recovery were barred by the two years' statute of limitation. An exception leveled at paragraphs 5 and 7, on the ground that the two years' statute of limitation had operated as against the assumption of payment of the note by H. A. Bell, was overruled.

The case was tried before a jury on the following special issues, to which the answers are subjoined:

"(1) Was the 200 acres called the Curtis land deeded to H. A. Bell for the purpose of being used, or the proceeds of its sale being used, to pay off the Swim debt? Answer: This land was deeded to pay the P. C. Bell debts.

"(2) Was the 200 acres called the Curtis tract, kept by H. A. Bell after the settlement, testified about as having occurred on the 9th day of February, 1911, for the purpose of using it or the proceeds of its sale, for the purpose of paying the Swim debt? Answer: Yes.

"(3) Did H. A. Bell keep the Curtis 200-acre tract of land in consideration that he would pay the Swim debt? Answer: Yes.

"(4) Did H. A. Bell keep or retain the Curtis 200-acre tract of land with the understanding that he would pay the Swim debt herein sued on? Answer: Yes."

Judgment was rendered on the findings in favor of defendant in error for the amount of the note sued on, interest, and attorney's fees.

The judgment was attacked on the ground that the answer of the jury to the first question was not responsive; and that the answers to all of the questions, taken together, were contradictory, conflicting, and inconsistent, in that the answers to the first and second questions would render plaintiff in error liable for the full amount sued on, and the answer made to the second question would render him liable for the value of the Curtis tract of land less the debts that existed against it. Another ground of attack was that the cause of action was barred by the two years' statute of limitation; also, that the assumption of payment of the note by H. A. Bell was barred when suit was filed October 26, 1912. Complaint is made also that the trial court erred in not submitting the following special requested charge:

"Did P. C. Bell direct A. G. Curtis to convey to H. A. Bell the 200-acre Curtis tract of land for the purpose of paying off the indebtedness due by P. C. Bell to H. A. Bell, if any? If you answer this question, 'Yes,' then I instruct you that you answer no further questions propounded in this case."

As the case has been stated fully in its essential features, and as we concur in the conclusions reached by the Court of Civil Appeals on rehearing (178 S. W. 852), an extended discussion of the questions involved is unnecessary.

[1] Clearly it was not error to refuse to submit the special issue requested. H. A. Bell's liability to defendant in error could not be made to depend merely upon directions from P. C. Bell to Curtis, to which H. A. Bell was a stranger.

[2] But regardless of the directions that may have been given by P. C. Bell to Curtis, H. A. Bell was bound by his express assumption of the payment of defendant in error's note in consideration of the conveyance of the Curtis tract; and he was properly held liable thereon, unless, of course, the two years' statute had operated to relieve him of liability.

[3] It was on February 6, 1911, that the Curtis tract was conveyed to H. A. Bell. Suit was filed in October 1912, and assumption of payment of the note by H. A. Bell was alleged in the original petition. It was a few days after February 6, 1911, according to the allegations of the first amended original petition, that H. A. Bell assumed payment of the note. The allegation of assumption of the note by H. A. Bell, though meager, was made. The first amended petition was filed August 16, 1913, and its allegations, subsequently carried forward and elaborated in the second amendment, are sufficient, in our opinion, to save from limitation the cause of action against H. A. Bell on his assumption of the note under the conveyance of the Curtis land.

It is apparent that the note, which did not mature until October 26, 1909, was not barred when the suit was filed in October, 1912.

[4] The findings of the jury are that the Curtis tract was deeded to H. A. Bell to pay the P. C. Bell debts; that H. A. Bell, after the settlement of February 9, 1911, kept the Curtis land to use it, or the proceeds of its sale, for the purpose of paying the defendant in error's debt; that he kept it in consideration that he would pay the debt, and retained it with that understanding.

There was evidence to warrant the conclusion that H. A. Bell and P. C. Bell, prior to the settlement of February 9th, had in mind that the former would pay all of the debts of the latter, including defendant in error's note; that after the settlement of that date the parties had in mind the payment of the remaining indebtedness of defendant in error, the note sued on. There is, therefore, in the light of the evidence, no necessary inconsistency in the findings.

[5] As the note sued on was one of P. C. Bell's debts, the answer to the first special issue submitted is not wholly unresponsive, or even sufficiently so to render the findings as a whole unintelligible or of doubtful meaning.

The judgment of the Court of Civil Appeals should, in our opinion, be affirmed, and we so recommend.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.