## Ford v. Commonwealth.
## Ford v. Funk et al.

April 28, 1950.

Ward Yager, Judge.

Stuard Wegener for appellant.

A. E. Funk, Attorney General, and Walter Herdman, Assistant Attorney General, for appellees.

CHIEF JUSTICE SIMS—Affirming.

The first styled case is an appeal from a judgment convicting Robert Ford of raping a girl under twelve years of age and fixing his punishment at confinement in the penitentiary at 30 years. The other is an appeal from an order sustaining a general demurrer to and dismissing Ford's petition for a writ of coram nobis to set aside his conviction. On motion of appellant the two cases were consolidated on appeal and have been heard together and both will be disposed of in this opinion.

The sole ground upon which appellant seeks to reverse the judgment of his conviction and the sole ground upon which he seeks a writ of coram nobis is that the jury trying h'm under the indictment were wrongfully influenced by a rumor that he was the father of the unborn child of the 16 year old sister of prosecutrix. The motion for a new trial set out that such rumor was unknown to appellant or his counsel until after the verdict was returned but the rumor had permeated the jury box and the jurors in their deliberation considered such ru-

mor and were influenced by it in arriving at their verdict. The bill of exceptions made a part of the record the affidavits considered on the hearing of the motion for a new trial.

Counsel for appellant made an affidavit that on Aug. 18, 1949, the day after the verdict was returned, W. W. King, one of the jurors trying the case, made a statement that the jury in considering the case gave considerable weight to a rumor that appellant was the father of the unborn child of a 16 year old sister of prosecutrix, and the sheriff who had the jury in charge "helped spread this rumor." There were also produced in support of the motion for a new trial the affidavits of James Stephenson and Everett Judge, both to the effect that the juror King told them that the jury in reaching a verdict took into consideration the fact appellant "was alleged to be the father of an unborn child to Rosina Robinson, a sister of the prosecuting witness in this case, said Rosina Robinson being a female 16 years of age and not the wife of defendant herein; that said W. W. King further informed him that it was his impression that said fact was established during the conduct of the trial of this defendant."

King's affidavit was produced by the Commonwealth and he denied making the above quoted statement to either Stephenson or Judge, and he stated in his affidavit that the sheriff did not talk to him or other members of the jury about the case. Likewise, the sheriff made an affidavit to the effect that he did not mention the case to the jurors.

While the transcript of the evidence was not brought to this court, it is not contended by appellant that any testimony was actually introduced on the trial that he was the father of the unborn child of the sister of prosecutrix; but it is insisted that such rumor permeated the jury room and was so strong that the juror King was under the impression that such fact had been established by the evidence.

Here, the facts stated in the affidavits produced by appellant attacking the verdict are in direct conflict with the facts contained in the affidavits of the sheriff and the juror King in support of the verdict. Where the proof is conflicting on the question of improper conduct

in the jury room, whether to grant or to refuse a new trial rests largely in the discretion of the trial judge and we will not disturb his ruling unless that discretion is abused. Proof of such misconduct must be established by clear and convincing evidence. Mullins v. Com., 285 Ky. 804, 149 S. W. 2d 725, and cases therein cited. In the record before us the evidence is neither clear nor is it convincing that the jury considered any rumor that appellant was the father of the unborn child of the sister of prosecutrix, therefore, we refuse to disturb the ruling of the trial judge in declining to grant appellant a new trial.

As previously stated, the averments in the petition seeking the writ of coram nobis are identical with those contained in the motion for a new trial; to wit, the jury was influenced by the rumor that Ford was the father of the unborn illegitimate child of the 16 year old sister of prosecutrix. We find the writ of coram nobis thus defined in 15 R. C. L. sec. 116, p. 714: "At common law a writ of error coram nobis, or, as it is sometimes termed coram vobis, was one of the direct proceedings for setting aside a judgment. The unvarying test of the right to this writ was mistake or lack of knowledge of facts inhering in the judgment itself. It was available to obtain a review of a judgment by the court which entered it where it appeared that certain mistakes of fact had occurred which had not been put in issue or passed upon by the court, such as the death of a party, coverture, infancy, error in process, or mistake of the clerk, but errors of law were excluded from the causes on account of which the writ might issue."

In the instant case appellant was not seeking relief from a mistake of fact which had not been put in issue or passed upon by the court. On the contrary, he was seeking relief on the same ground upon which the court had denied him a new trial. The writ of coram nobis will lie where accused desires to bring some new fact before the court which cannot be presented by a motion for a new trial, appeal, or other existing statutory proceedings. 24 C. J. S., Criminal Law, sec. 1606(b), page 145. As appellant brought this same alleged error before the court on his motion for a new trial, it is evident that the writ of coram nobis does not lie and the court properly sustained a general demurrer to and dismissed his petition. Robertson v. Com., 279 Ky. 762, 132 S. W.

2d 69; Anderson v. Buchanan, 292 Ky. 810, 168 S. W. 2d 48.

Perceiving no errors prejudicial to appellant's substantial rights in either record, both judgments are affirmed.