**Clarence RILEY, Appellant,**

*v.*

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 8, 1954.

Earl B. Rose, Buford A. Short, Beatty-ville, for appellant.

J. D. Buckman, Jr., Atty. Gen., John B. Browning, Asst. Atty. Gen., C. E. Tyree, Beattyville, for appellee.

SIMS, Justice.

Appellant, Clarence Riley, was convicted of having carnal knowledge of a girl over 12 and under 16 years of age, an offense denounced by KRS 435.100(1) (b), and his punishment. fixed at imprisonment in the penitentiary for five years. He seeks to reverse the judgment on four grounds: (1) The verdict is not supported by the evidence; (2) the evidence does not conform to the averments of the indictment as to the time of the offense; (3) the verdict was reached by lot; (4) leading questions asked by the commonwealth attorney were prejudicial.

Only three witnesses testified; prosecutrix, her 13 year old sister, Marzella, and appellant. At the time of the trial prosecutrix was 16 years of age and testified she and appellant are first cousins and he had been staying in her home working for her father; that on the morning of April 9, 1952, appellant appeared with a drawn pistol in the room where she and Marzella were, ordered Marzella to leave and then forced prosecutrix to have sexual · intercourse with him.

Marzella corroborated prosecutrix as to appellant having a drawn pistol, forcing the witness to leave the room and threatening to kill her if she did not. She went out as directed and did not see or hear

what transpired in the room in which she left prosecutrix and appellant. In about a week after the occurrence prosecutrix reported it to her father in the presence of Marzella.

Appellant denied drawing a pistol on the two girls or threatening them, and denied having intercourse with prosecutrix. He testified he lived in their home and worked for their father until "corn was laid by".

The evidence was sufficient to take the case to the jury and to sustain the verdict. The established rule in this jurisdiction in this character of case is that a verdict based on the uncorroborated testimony of prosecutrix will be sustained unless her story is so highly improbable as to show it to be false. Hogue v. Commonwealth, 305 Ky. 298, 203 S.W.2d 42; Bailey v. Commonwealth, 312 Ky. 764, 229 S.W.2d 767.

Appellant argues that the evidence fails to conform to the indictment. The indictment was re-referred to the grand jury and the one under which appellant was tried was returned on the tenth day of the November 1953 term of the Owsley Circuit Court and averred the crime was committed twelve months before the finding of the indictment, while the proof shows it occurred on April 9, 1952. There is no merit in this argument. The statement in an indictment as to time is not material where a felony of this character is charged, and the Commonwealth may prove the offense was committed at any time prior to the finding of the indictment. Criminal Code of Practice, § 129; Arn v. Commonwealth, 225 Ky. 444, 9 S.W.2d 47.

One of the jurors, Ace Combs, made an affidavit after the trial that the jury in considering the case could not agree on appellant's guilt and at the suggestion of one of its members the jury agreed a vote would be taken "and the majority would rule". When such a vote was taken eight stood for conviction and four for acquittal, thereupon the jury returned a verdict of guilty and fixed the punishment at five years in prison.

It is insisted this was a verdict by lot and under § 271(3) of the Criminal Code of Practice appellant is entitled to a new trial. Assuming, but not deciding, this was a verdict by lot and the affidavit of Combs was admissible under § 272 of the Criminal Code of Practice, we find in the record the affidavits of six other members of the jury, all of whom stated that the jury could not agree, took several ballots and on the last all did agree appellant was guilty, and made the verdict.

Proof of misconduct in the jury room must be established by clear and convincing evidence. Mullins v. Commonwealth, 285 Ky. 804, 149 S.W.2d 725. Where such proof is conflicting, whether to grant or refuse a new trial largely rests in the discretion of the judge, and we will not disturb his ruling unless that discretion is abused. Ford v. Commonwealth, 312 Ky. 718, 229 S.W.2d 470. In the record before us the evidence greatly preponderates in favor of the six jurors whose affidavits state the verdict was reached in a regular and orderly way, hence we refuse to disturb the ruling of the trial judge in refusing to grant appellant a new trial.

Complaint is made that leading questions were asked by the commonwealth attorney which were prejudicial to appellant. However, the brief does not point out such questions but merely invites us to search the record for him. We have many times written we will not do this. See Chism v. Commonwealth, 286 Ky. 314, 150 S.W.2d 694.

The judgment is affirmed.