636

**Willie COWAN, Appellant,**

**v.**

**COMMONWEALTH of Kentucky et al.,
Appellees.**

Court of Appeals of Kentucky.

June 17, 1955.

Rehearing Denied Sept. 16, 1955.

Willie Cowan, pro se.

J. D. Buckman, Jr., Atty. Gen., George B.
Akin, Asst. Atty. Gen., for appellees.

HOGG, Judge.

Willie Cowan appeals in forma pauperis
from an order denying his motion for a
writ of error coram nobis. Appellant com-
plains of various errors committed in the
trial resulting in his conviction on May 14,
1952, under an indictment charging the
carrying of a deadly weapon with two pre-
vious convictions of a felony. His punish-
ment was fixed at confinement in the state
penitentiary for five years. He is now
serving this sentence.

The two previous convictions and punish-
ments were for storehouse breaking, four
years and one day, on February 16, 1935,
and feloniously taking and operating a mo-
tor vehicle without consent of the owner,
one year, on February 18, 1949. Neither
conviction was vacated, modified, set aside,
or appealed from.

At the trial upon which appellant re-
ceived the third felony conviction, he was
represented by counsel. The record showed
that a demurrer was overruled to the in-
dictment, appellant entered his plea of not
guilty, testimony for the Commonwealth
was heard, and appellant declined to intro-
duce any evidence. After hearing the in-
structions of the court and argument of
counsel, the jury retired and brought back
a verdict finding him guilty and fixing the
punishment.

The appellant urges many alleged errors
as the basis for the writ sought. The mat-
ters complained of would have been avail-
able for consideration on appeal. No ap-
peal was sought on the judgment for the
third conviction.

The old common-law writ of error
coram nobis is an extraordinary remedy re-

tained in our criminal law to be used in correcting a hidden or unseen error. Its function is to rectify a misjustice which could not have been corrected upon appeal because at such time the existence of the error in the proceeding, or of some new or undiscovered pertinent fact, was unknown and could not have been discovered by the exercise of proper diligence. Anderson v. Buchanan, 292 Ky. 810, 168 S.W. 2d 48; Day v. Commonwealth, 296 Ky. 483, 177 S.W.2d 391; Walsh v. Tuggle, 303 Ky. 200, 197 S.W.2d 253.

The writ does not issue as a matter of right but its granting is in the sound discretion of the judge who tried the accused upon a showing that there is a strong probability of a miscarriage of justice. Bircham v. Commonwealth, Ky., 245 S.W.2d 932. The trial court found no proper basis for the issuance of such a writ and correctly dismissed the motion.

Judgment affirmed.