Chester MERRIFIELD, Appellant,

·v.

COMMONWEALTH of Kentucky, ex rel. J. D. BUCKMAN, Jr., Appellee.

Court of Appeals of Kentucky.

Oct. 14, 1955.

Rehearing Denied Nov. 18, 1955.

Sandy Paniello, Louisville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Earl V. Powell, Asst. Atty. Gen., A. Scott Hamilton, Commonwealth Atty., Louisville, for appellee.

WADDILL, Commissioner.

This appeal is prosecuted by Chester Merrifield from a judgment of the Jefferson Circuit Court, Criminal Division, denying him a writ of coram nobis. His sole ground for reversal of the judgment is that newly discovered evidence has become available, the effect of which establishes that his conviction was erroneously obtained. He asserts that in the event he is granted a new trial, his innocence could now be established by such evidence.

Appellant was convicted of the murder of Alvin L. Keown, a Jefferson County Police Officer, and sentenced to death. The judgment was affirmed. Merrifield v. Commonwealth, Ky., 268 S.W.2d 405. Rehearing was denied on June 18, 1954. A petition for writ of certiorari was dismissed by the Supreme Court of the United States on February 7, 1955, for want of jurisdiction. Merrifield v. Commonwealth, 348 U.S. 935, 75 S.Ct. 360.

■ The writ of coram nobis is an extraordinary remedy which will issue for the judicial correction of a wrong committed in the administration of criminal justice resulting in the deprivation of life or liberty without due process of law. However, it is available only after all other judicial processes have been exhausted. Spears v. Commonwealth, Ky., 253 S.W.2d 570; Ford v. Commonwealth, 312 Ky. 718, 229 S.W.2d 470, and Anderson v. Buchanan, 292 Ky. 810, 168 S.W.2d 48. Where the writ is sought upon newly discovered evidence touching exclusively the merits of the issue actually tried and determined, there can be no relief granted by the court unless the new evidence is of such a conclusive character as to remove from the case the basis upon which the conviction and judgment were predicated. To hold otherwise would create a condition wherein judgments would have no finality, and thus be fruitful of greater evil than would flow from rare cases of possible injustice.

■ The newly discovered evidence, upon which appellant relies, appears in the affidavits of C. J. Malone, R. E. Ratliff, Jr., R. E. O'Leary (all convicted felons) and Pauline Griffith. The affidavits of Malone and Griffith merely tend to contradict a statement made by Thomas Riggs, who had testified at appellant's former trial, that he was not acquainted with the appellant prior to the occasion on which the police officer was shot and killed. In effect the statements contained in these two affidavits are merely an attack on the credibility of Thomas Riggs. Impeaching testimony of this character has no probative value, nor is it a type of fact to be considered as a basis for coram nobis.

■ The other two affidavits filed herein were made by Ratliff and O'Leary. Both affiants are convicted felons and are presently incarcerated in the same prison as the appellant. Their statements are peculiarly similar in that each claims he was present on the occasion when officer Keown was fatally shot and each states that appellant was not the person who did the shooting. Affiants further state that appellant did not know they had witnessed the crime until shortly before this action was instituted. However, neither of these affiants identify the person they saw fire the shots, nor attempt to furnish any description of that person. When we look to the evidence upon which the appellant was convicted it appears that three witnesses testified that they saw appellant fire the shots which killed the police officer.

The appellant seeks by these affidavits to again put in issue the ultimate fact of his guilt which has been determined by regular judicial processes. Giving full credence to affiants' statements, we conclude that they are wholly insufficient to authorize a finding that the trial court abused his discretion in denying the writ. Cowan v. Commonwealth, Ky., 281 S.W.2d 636.

Judgment affirmed.