Raymond CREECH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 22, 1956.

Raymond Creech, Eddyville, pro se.

Jo M. Ferguson, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

HOGG, Judge.

Appellant, petitioner below, is a prisoner in the Kentucky State Reformatory, serving a sentence of ten years for robbery committed in Campbell County, Kentucky. He did not appeal from his conviction but, months afterwards, labeling his petition a writ of error coram nobis, he, pro se, sought in the Campbell Circuit Court discharge from the reformatory and a new trial. Upon hearing, his petition was dismissed and he appeals.

He urges that the judgment should be reversed because: (1) Newly discovered evidence had become available which establishes his alibi of not being present when the robbery occurred; (2) the court erred in failing to grant his motion for a new trial after his conviction on the basis of an affidavit by Minnie Lyons; (3) the court erred in failing to hold that Minnie Lyons committed perjury when she orally repudiated the affidavit presented to support the motion for a new trial; (4) the court erred by not granting appellant's motion to have his witnesses subpoenaed to testify at his hearing on the motion for writ of coram nobis.

The common law writ of error coram nobis is an extraordinary remedy retained in our criminal law to be used to correct a hidden error which could not be considered by the trial court. Its function is to rectify an injustice which could not have been corrected by appeal because at such time the existence of the error in the proceeding, or of some new or undiscovered pertinent fact, was unknown and could not have been discovered by the exercise of proper diligence. Cowan v. Commonwealth, Ky., 281 S.W.2d 636, and cases therein cited.

The errors which are the basis of contentions (2) and (3) were allegedly committed by the lower court during the hearing on a motion for a new trial at the original trial. The errors were not hidden or unseen. These are not proper errors for this court's consideration on a petition for coram nobis. Nor are we able to consider contention (4), for the record does not disclose that appellant made a motion to have his witnesses subpoenaed or the ruling of the lower court with respect thereto.

The remaining question for our determination is whether or not the judgment denying the petition for writ of coram nobis will be reversed on the ground that the newly discovered evidence which has become available establishes appellant's alibi that he was at the home of Mrs. Howard when the robbery took place. The evidence referred to consists of the affidavits of Zea Martin, Quitman Johnson and Cloe Llewlyn. The whereabouts of Martin and Johnson were said to be unknown until after the trial and time for appeal had expired. The affidavits of Martin and Johnson tend to establish that appellant was with them at his sister's home at the time of the commission of the crime. This alibi was presented at the trial and the suggested evidence merely supports other evidence then presented. It is not of such a conclusive character as to remove from the case the basis upon which the conviction was predicated. Merrifield v. Commonwealth, Ky., 283 S.W.2d 214.

The affidavit of Llewlyn contradicts the testimony given at the trial by Mrs. Iles. Impeaching testimony tending

to affect, or affecting the credibility of a witness, has no probative value and is not the type of evidence to be considered as a basis for a writ of coram nobis. Merrifield v. Commonwealth, Ky., 283 S.W.2d 214; Jones v. Commonwealth, 269 Ky. 779, 108 S.W.2d 816.

Furthermore, there is no showing in the record that appellant exercised due diligence before or upon the former trial to discover the evidence in time to be presented at his trial.

The judgment is affirmed.