**Ernest WALLACE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 8, 1959.

Rehearing Denied Sept. 25, 1959.

Fritz Krueger, Somerset, for appellant.

Jo M. Ferguson, Atty. Gen., William L. Brooks, Asst. Atty. Gen., for appellee.

SANDIDGE, Judge.

Appellant is an inmate of the Eddyville Reformatory, having been convicted in the Rowan Circuit Court in June, 1957, of the crime of rape and sentenced to confinement for life without privilege of parole. There was no appeal from the judgment.

Nearly a year after his confinement, appellant filed a complaint in the lower court for a writ of error coram nobis. It was dismissed, on the Commonwealth's motion, for failure to state facts upon which the ex-

traordinary relief sought could be granted. This appeal is from the judgment of dismissal.

Writs of coram nobis have been expressly abolished by the Kentucky Rules of Civil Procedure, but apparently in name only, since the object of such writ can now be sought by motion or an independent action. CR 60.02(6). We will treat the present complaint as a substantial compliance with the rule.

The writ of coram nobis was an extraordinary remedy, which could be issued in the discretion of the court for the purpose of setting aside an erroneous judgment entered in the administration of criminal justice. The principles connected with the issuance of the common law writ are applicable to the motion or independent action authorized by CR 60.02(6). Generally, the writ could be issued for the vacating of a criminal judgment only upon facts discovered by the petitioner after he had exhausted all other judicial processes, where such facts could not have been previously discovered by his exercise of due diligence, and where it was definitely certain that such facts, if they had been previously discovered and presented, would have produced or resulted in a different judgment. Anderson v. Buchanan, 292 Ky. 810, 168 S.W.2d 48; Ford v. Com., 312 Ky. 718, 229 S.W. 470; Merrifield v. Com., Ky., 283 S.W.2d 214.

In the present complaint the newly discovered facts only involved a statement made by a witness prior to the trial which was inconsistent with her testimony under oath at the trial.

It is obvious from reading the complaint that the allegations concerning newly discovered facts do not meet the above requirements, to say nothing as to whether the complaint was filed within a reasonable time, as required by CR 60.02.

The judgment is affirmed.