**Cecile RICHARDSON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 9, 1959.

W. Clarke Otte, Frank E. Haddad, Jr., Louisville, Rodes K. Myers, Bowling Green, for appellant.

Jo M. Ferguson, Atty. Gen., Edward L. Fossett, Asst. Atty. Gen., for appellee.

EBLEN, Judge.

This is an appeal from a judgment of the Jefferson Circuit Court dismissing the appellant's motion for a writ of error coram nobis. The appellant was convicted in 1956 of having performed an abortion on Bessie Mae Schupe. On appeal the judgment was

affirmed (Richardson v. Commonwealth, Ky., 312 S.W.2d 470) and a petition for rehearing was overruled in due course.

The appellant supported the motion with the affidavits of Paul Garner, Harold Souders and Maxwell Allen. Bessie Mae Schupe had testified on the trial of the appellant that Paul Garner drove her to the Richardson home on the date the abortion was alleged to have been performed. The appellant claimed that she was unable to find Garner until after the trial. Garner stated, in his affidavit, that he did not drive Bessie Mae to the home of the appellant. Harold Souders, a bartender, declared in his affidavit that he knew Bessie Mae and knew her reputation as a hustler and prostitute, and that, after the trial, Bessie Mae told him she was forced to tell the story she related on the witness stand or be put out of her business by the police. The affidavit of Maxwell Allen relates that he was employed in 1959 to locate Bessie Mae Schupe and that he found her living under the name of Mrs. Ed Crank and that she had a baby two months of age.

The Commonwealth countered with an affidavit of Souders, which is contrary to the one he made and offered in support of the motion, and the affidavit of Priest Fry, Chief of Detectives of the Louisville Police Department, to the effect that Bessie Mae Schupe was not known by the police to be a hustler and prostitute and that she was not coerced to testify as she did.

At a hearing on the motion, Bessie Mae was examined and stated that Garner drove her to the Richardson house in a make of car different from that stated in her testimony on the trial.

■■ The lower court rendered an opinion in which any question of due diligence on the part of the appellant was passed. The learned Judge then pointed out that the affidavit of Garner does no more than contradict the testimony of Bessie Mae and that impeaching testimony is not the type of evidence necessary to support a motion for the writ of coram nobis as is shown by the cases of Hamm v. Mansfield, Ky., 317 S.W.2d 172; Underhill v. Thomas, Ky., 299 S.W.2d 633; Harris v. Commonwealth, Ky., 296 S.W.2d 700, 703; Creech v. Commonwealth, Ky., 291 S.W.2d 565; and Merrifield v. Commonwealth ex rel. Buckman, Ky., 283 S.W.2d 214. The opinion then refers to Anderson v. Buchanan, 292 Ky. 810, 168 S.W.2d 48, 54, in which it is stated that "The question of the guilt or innocence of the accused is not a necessary subject of inquiry," concludes that this does not forbid an examination of the entire record having to do with the guilt or innocence of the accused and the belief is expressed that the jury would have reached the same verdict if Garner and Souders had been present and testified to the facts stated in their affidavits.

■ We agree with the lower court, and only add this further quotation from the Anderson case: "It is to be emphasized also that obtaining the writ is not a matter of right but the granting of it is a matter of sound judicial discretion to be exercised upon a showing of reasonable certainty."

There was a total lack of reasonable certainty in this case and the judgment is affirmed.