**William E. BRADLEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 16, 1961.

---

William E. Bradley, pro se.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty. Gen., for appellee.

STEWART, Judge.

On January 29, 1958, appellant, William E. Bradley, was convicted of maliciously shooting and wounding Lonnie Dillon, and pursuant to the jury's verdict he was sentenced to 15 years' imprisonment. On March 8, 1961, he filed a petition for a writ of coram nobis asking for a new trial on the ground of newly discovered evidence. The trial court refused to grant the writ.

Writs of coram nobis have been expressly abolished, but the object of such a writ can now be sought by motion or by an independent action under CR 60.02. See Hamm v. Mansfield, Ky., 317 S.W.2d 172. It should be noted that the granting of a writ of coram nobis is a matter of sound judicial discretion. See Underhill v. Thomas, Ky., 299 S.W.2d 633.

At the trial which resulted in the conviction, Dillon stated that Bradley shot him while Bradley was inside his home (an apartment building) and Dillon was outside. These two had had some trouble earlier in the day. Bradley testified he shot in self-defense. In this connection he said Dillon entered the building, started up the steps, put one of his hands in his pocket as if reaching for a weapon, and that thereupon he shot and wounded him. Another person, aside from Bradley and Dillon who testified at the trial, was Harold Beckett. He was a Commonwealth witness who stated he heard a noise like a shot that sounded like it occurred within the building.

The newly discovered evidence in affidavit form consists of the statements of three witnesses who resided in the same apartment building when the shooting occurred. They said they will now testify, if called as witnesses, that shortly after the shooting they saw blood stains and bloody hand prints and finger marks on the front door and on the inside walls and stairway of the apartment building. The affidavit of one of them sets forth, in addition, that he noticed broken places in the plastering "which he believes could have been caused and appeared to him to be caused by a shot from a shotgun." It would thus appear the statements of these witnesses would tend to corroborate the testimony appellant gave at the trial.

In Wallace v. Commonwealth, Ky., 327 S.W.2d 17, 18, this Court said: "Generally, the writ (of coram nobis) could be issued for the vacating of a criminal judgment only upon facts discovered by the petitioner after he had exhausted all other judicial processes, where such facts could not have been previously discovered by his exercise of due diligence, and where it was definitely certain that such facts, if they had been previously discovered and presented, would have produced or resulted in a different judgment." See also Anderson v. Buchanan, 292 Ky. 810, 168 S.W.2d 48; Ford v. Commonwealth, 312 Ky. 718, 229 S.W.2d 470; Merrifield v. Commonwealth, Ky., 283 S.W.2d 214.

A reading of the affidavits filed in support of the petition reveals that none of the affiants professed to have witnessed the shooting but that sometime afterwards, during the same day, they observed blood stains and bloody hand and finger marks upon the front door, walls and steps of the building at the scene of the crime. The contents of the affidavits under the circumstances may well be characterized as nothing more

than the conclusions of these witnesses as regards the place where the shooting occurred. At the most the evidence offered in the affidavits would have been merely cumulative.

The trial court held there was no showing of diligence on the part of Bradley to secure the presence of these persons in court to testify in his behalf. Bradley, of course, included in the record his affidavit that neither he nor his counsel knew of this evidence at the time of the trial and that they could not have discovered it by the employment of reasonable diligence. The fact remains, however, that these three persons on the occasion of the shooting and on the day he was tried lived in the same apartment with Bradley. It goes without saying that they were available and could have been produced at the time of his trial, and it could have been easily ascertained beforehand what facts they knew concerning the indictment returned against Bradley on the malicious shooting and wounding charge.

We are of the opinion that the lower court correctly disposed of this proceeding when it dismissed the petition.

Wherefore, the judgment is affirmed.