NEW YORK UNDERWRITERS INS.
CO., Appellant,

v.

Oran UPSHAW, Appellee.

No. 8037.

Court of Civil Appeals of Texas,
Beaumont.

Nov. 3, 1977.

Rehearing Denied Nov. 23, 1977.

William Drew Perkins, Lufkin, for appellant.

Richard C. Hile, Jasper, for appellee.

CLAYTON, Justice.

This is a workman's compensation case wherein the jury found that the plaintiff sustained an injury while working in the course of his employment, that he was totally incapacitated, and that such incapacity was permanent. Judgment was entered based upon such findings.

Appellant (defendant below) challenges the jury findings on the grounds of insufficient evidence and that such findings were so against the great weight and preponderance of the evidence as to be manifestly unjust.

Appellee testified that on the date of his injury, he was working for his employer as a custodian, and that while carrying boxes of merchandise from the loading dock to the second floor storage area of his employer's premises, something "just popped" in his back. He was off from work the next day and returned to the job the following day, but terminated his employment when he asked for assistance, and it was denied. Appellee continued to have pain in his lower back, and within a week sought medical care. His doctor hospitalized appellee and kept him in back traction for seven days; and that at time of trial he was still having trouble with his back, and both legs; and that he had been unable to do any kind of work. Appellee's medical witness testified that his diagnosis was low back syndrome and sacroiliac strain; that he had a nerve root pressure involving the right lower limb; that the strain on the joint was caused by "carrying the box up"; that the pain in his right leg resulted from nerve root pressure and "the old football injury". He further testified that appellee was disabled because of a bulging disc syndrome; that appellee had been totally disabled since he had been seeing him; and that the duration of such disability would be permanent.

We are of the opinion that the evidence presented by appellee raises a fact issue to be decided by the jury, even though, as pointed out by appellant, his witnesses were "interested" witnesses. The general rule as stated in *Reed v. Aetna Cas. & Sur. Co.*, 535 S.W.2d 377 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.) is " 'that evidence given by an interested witness, even though uncontradicted, presents an issue to be determined by the trier of fact.' " *Gevinson v. Manhatten Construction Co. of Okl.*, 449 S.W.2d 458 (Tex.1969). Evidence being sufficient to raise the issues, the jury had the sole right to accept or reject the testimony of each witness in whole or in part. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (Tex.1951); *Texlan, Incorporated v. Freestone County*, 282 S.W.2d 283 (Tex.Civ.App.—Waco 1955, no writ).

Appellant's points with reference to the sufficiency of the evidence are overruled.

Appellant's seventh and eighth points complain of the trial court's action in not permitting it to cross-examine appellee about his prior back injuries, and in refusing appellant to cross-examine appellee's medical witness about such prior injuries.

The only purpose for introducing evidence of other injuries is the determination of whether the injury is the producing cause of any claimed incapacity. Prior to September 1, 1971, the defense of prior compensable injuries provided a diminution of the recovery. However, with the amendment to *Tex.Rev.Civ.Stat.Ann. art. 8306 § 12c (Supp.1977)* prior compensable injuries no longer reduce the recovery of a workman because of such prior injury.* *Texas Employers' Insurance Association v. Creswell*, 511 S.W.2d 68 (Tex.Civ.App.—Eastland 1974, writ ref'd n.r.e.). Thus, with this amendment, evidence concerning prior injuries is of no consequence, unless the prior injury was the sole cause of the present incapacity, and would be admissible

---

* This case was tried before the effective date of S.B. No. 1275, Acts of 65th Legislature, Regular Session, 1977.

only if offered for the purpose of establishing sole cause.

The record in this cause does not show any attempt to connect any prior injury to sole cause. The record further shows that there was no attempt to question the medical witness as to any prior injury or its sole cause aspects. Appellant did not attempt to perfect a bill of exception concerning the testimony of the doctor in regard to prior injuries sustained by appellee. The record does not show that any of the doctor's testimony was excluded. Even if some evidence was excluded, error is not shown in the exclusion of evidence unless the appellant brings before the appellate court a record that shows clearly not only what the evidence would have been if admitted but also its relevancy. *Swinney v. Winters*, 532 S.W.2d 396 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.); *Victoria Comfort Air Co. v. Alamo Express*, 529 S.W.2d 250 (Tex.Civ.App.—Corpus Christi 1975, no writ).

No error being shown, the judgment of the trial court is AFFIRMED.