PGP GAS PRODUCTS, INC., Appellant,

v.

RESERVE EQUIPMENT, INC., Appellee.

No. 13717.

Court of Appeals of Texas, Austin.

Feb. 15, 1984.

Rehearing Denied April 4, 1984.

Edith H. Jones; Andrews & Kurth, Houston, for appellant.

Mary Joe Carroll; Clark, Thomas, Winters & Shapiro, Austin, for appellee.

Before PHILLIPS, C.J., and EARL W. SMITH and GAMMAGE, JJ.

EARL W. SMITH, Justice.

This suit was originally brought by appellee, Reserve Equipment, Inc. (Reserve), to recover damages it suffered as a result of a fire which substantially destroyed a gas compressor leased by appellant, PGP Gas Products, Inc. (PGP), from Reserve. Reserve alleged two separate causes of action: negligence and breach of contract. The jury found no negligence but found in favor of Reserve on the breach of contract claim. PGP appeals the judgment in favor of Reserve on that contract claim.

Appellee pleaded the breach of contract claim on the basis of an implied contract. They alleged that this contract included a clause requiring PGP to provide insurance on the destroyed compressor—Unit 131. PGP contended that the lease was based on an express oral contract in which no provision for insurance was discussed.

The evidence of the contract was as follows. After dealings and discussions with PGP in the Spring of 1978, Mr. Keith Paul, president of Reserve, leased a gas compressor (Unit 158) to PGP by written agreement. This document was mailed to PGP on May 26, 1978, signed by Joe Feagan, president of PGP, and dated June 22, 1978.

The unit was installed on June 5, 1978. This written lease agreement specified that PGP was to keep the equipment insured for the term of the lease up to the full market value of the equipment, with the proceeds payable to Reserve. There was evidence that this was Reserve's usual compressor lease form.

About two-and-a-half months later, Reserve leased a second compressor to PGP—the unit damaged—131. There was testimony that Reserve and PGP had been discussing the lease of a second compressor since May of 1978. In this regard, Keith Paul talked with several people at PGP including Joe Feagan, Jim Gotcher, and Bill Jancek. On June 9th Keith Paul sent a letter and a blank lease agreement which he had already signed to Jim Gotcher. The letter gave the particular specifications of Unit 131, stated that the lease agreement was sent so PGP could have it on hand when they firmed up their requirements, and stated that the rates and arrangements would be the same as for Unit 158.

Joe Feagan called Keith Paul on August 23rd to say that PGP wanted the compressor immediately and the two then discussed the length of the lease term, the monthly rental, and maintenance responsibility. Unit 131 was shipped on August 25th to PGP's site at Giddings.

Appellant contends that the April 23rd phone conversation was a separate and distinct express oral contract, the terms of which are determined only by the express statements of the parties and not by surrounding facts and circumstances. Thus, appellant asserts in its fourth point of error that the trial court erred in allowing testimony concerning the prior lease agreement and in admitting into evidence a copy of the prior lease agreement. The cases they cite to support their point are distinguishable, and no authority. The court in *Harris v. G.M. H. Wagner & Sons*, 195 S.W. 351 (Tex.Civ.App.1917, no writ) held that where two contracts are separate and distinct, the first contract should not be looked to in construing the second. In that case the second contract specifically provided "this

instrument to in no way affect previous contract" *Id.* at 352. The excerpt from *Martin v. Davis Constructors, Inc.* 552 S.W.2d 873, 877 (Tex.Civ.App.1977, writ ref'd n.r.e.) quoted in appellant's brief is dicta since the court stated that its interpretation of the second letter agreement would be the same whether they considered the first contract or not. It should also be noted that both cases involved express *written* agreements.

■ We hold that the evidence was admissible to show the inclusion of an insurance term for compressor Unit 131 for the reasons that follow. In *Utilities Natural Gas Corporation v. Hill,* 239 S.W.2d 431, 435 (Tex.Civ.App.1951, writ ref'd n.r.e.) it was held error to exclude evidence of prior dealings between the same parties, dealing with the same subject matter involved in the original contract. The court quoted McCormick and Ray, Law of Evidence, § 696 at 904 for the rule that:

> other instances of the making of similar contracts may indicate a general plan or system of making such contracts which was likely carried out in the instance in question. Where the other contracts were with the same person there seems to be no doubt of their admissibility provided they are so connected as to indicate a general plan or scheme of which they are parts.

239 S.W.2d 435. Here Reserve used a master form contract for all of their compressor leases and PGP was aware of the industry practice that each equipment lessor used its own standard lease agreements.

■ Texas courts have really made no distinction between express *oral* contracts and implied contracts in the determination of admissibility of prior contracts. The existence of an oral contract may be proved by circumstantial evidence as well as by direct evidence. *Peters v. Norris,* 402 S.W.2d 216, 219 (Tex.Civ.App.1966, no writ). At 14 Tex.Jur.3d § 359 at 604, it is stated that:

> [I]t is also a fundamental rule of law that where an oral contract is under consideration, extrinsic evidence is admissible to show the intention of the parties as reflected by the circumstances that attended the making of the agreement.

*See also Bell v. Swim,* 178 S.W. 850, 854 (Tex.Civ.App.1915, aff'd 229 S.W. 470 Tex. Comm.App.1921, judgment adopted), which cites with approval a case from the Supreme Court of Maine holding that a prior contract (with a term requiring the vendor to provide insurance) between the parties was admissible on the question of probability of the insurance term provision being as the plaintiff claimed. Appellant's fourth point of error is overruled.

Appellant argues the implied/express contract distinction in their first two points of error which are:

> I. [t]he trial court erred in submitting special issue No. 8 to the jury as such issue does not incorporate a central legal principle essential to a proper submission of the controlling issue of law: a contractual term not expressly agreed upon by the parties may not be implied into an express contract unless it is necessary to effectuate the purpose of the contract as a whole or the parties deemed it unnecessary to express such term[;]

and II. the judgment is error because it is based on the jury's answer to special issue No. 8 which is supported by no evidence or alternatively, is against the great weight and preponderance of the evidence.

■ The court submitted special issue No. 8 as follows:

> Do you find that on or about August 23, 1978 it was mutually understood and agreed by plaintiff and defendant that defendant would provide insurance covering compressor number 131 for the term of the lease against any loss or damage to the full market value of the compressor with proceeds of such insurance payable to plaintiff?

Appellant claims that this issue was "defective because the issue fails to properly frame the controlling issue of law in accordance with the governing rules of contract construction" founded upon the distinction between express contracts and im-

plied contracts. Basically PGP contends that the phone conversation of August 23, 1978 was the express agreement of the parties and the jury should have been instructed that "[a]n implied provision in a contract is the provision that the parties did not expressly agree upon and that is essential to carry out the intent and purpose of the contract itself." We disagree.

Reserve's pleadings and the evidence at trial, as well as case law, support the court's submission of special issue No. 8. The cases which appellant cites do not support their contention and two of their cases actually support the trial court's submission. The court in *Freeport Sulphur Company v. American Sulphur Royalty Company*, 117 Tex. 439, 6 S.W.2d 1039 (Tex.1928) discussed the inclusion of an implied term into a long express *written* contract. The Court stated that:

> Before a covenant will be implied in the express terms of a contract, *and in some cases in view of the customs and practices* of the business to which the contract relates, it must appear therefrom that it was so clearly in the contemplation of the parties as that they deemed it unnecessary to express it, and therefore omitted to do so. . . . (emphasis added)

*Id.* at 1041. The court in *Emmord's, Inc. v. Obermiller*, 526 S.W.2d 562, 565–66 (Tex.Civ.App.1975, writ ref'd n.r.e.), cited by appellant, discussed *Freeport* and the introduction of custom and usage evidence in some express contract cases. In *Emmord's* there was *no evidence*, by custom and usage or otherwise, that the contract encompassed any agreement as to a specific billing procedure. *Id.* at 565.

■ The only real difference in express and implied contracts is the difference in the character of proof used to establish the contract. *Haws & Garrett General Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607 (Tex.1972). Texas courts have recognized that evidence of custom and usage is admissible to supply terms for contracts without regard to whether the contract is express or implied.

*Luling Oil & Gas Co. v. Humble Oil & Refining Co.*, 144 Tex. 475, 191 S.W.2d 716 (1946); *Farmers' State Bank and Trust Co. v. Gorman Home Refinery*, 3 S.W.2d 65 (Tex.Comm.App.1928); *Koltermann v. Underream Piling Co.*, 563 S.W.2d 950, 956 (Tex.Civ.App.1977, writ ref'd n.r.e.); *Flagg Realtors v. Harvel*, 509 S.W.2d 885 (Tex.Civ.App.1974, writ ref'd n.r.e.). We hold that the trial court properly submitted the controlling issue. Appellant's first point of error is overruled.

■ In considering appellant's factual insufficiency point we have considered and weighed all of the evidence, keeping in mind the rule that determining the credibility of the evidence and the weight to be given thereto is within the sole province of the trier of fact who had the opportunity to observe the witnesses' demeanor on the stand, and if sufficient evidence exists to support the jury's findings, they will not be disregarded. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Johnson v. Buck*, 540 S.W.2d 393 (Tex.Civ.App.1976, writ ref'd n.r.e.). The evidence of the lease agreement for Unit 158, the letter to and testimony of Gotcher, as well as the evidence of custom and usage more than adequately support the jury's answer to special issue No. 8. Appellant's second point of error is overruled.

■ By its third point of error appellant complains of the trial court's refusing to allow evidence (if the court allows implied contract proof) of Reserve's own insurance on the issue of the intent of the parties and the damages suffered by Reserve. Appellant's offer of proof on this issue consisted of the following questions and answers of Keith Paul, president of Reserve:

Q. Mr. Paul, isn't it correct that you—that Reserve Equipment carried an insurance policy covering Unit 131 at the time of the fire in question?

A. Yes, we carry a policy covering all of our equipment.

Q. Okay. And at that time, wasn't there a stated value of that compressor unit of $90,000.00.

&ast; &ast; &ast; &ast; &ast; &ast;

A. I'm sorry. To the stated value of $90,000, the answer is yes.

There was no showing by appellant that Reserve's insurance was relevant to the issue of damages or intent. The record does not show that any insurance was paid to Reserve on Unit 131, nor does it show that the insurance policy would cover Unit 131 in this particular instance. This Court has no way of knowing whether Reserve's policy had subrogation or other insurance clauses which would be relevant to Reserve's intent that their lessees provide insurance.

It is well settled in Texas that:

Error is not shown in the exclusion of evidence unless the appellant brings before the appellate court a record that shows clearly not only what the evidence would have been if admitted, but also its relevancy.

*Swinney v. Winters,* 532 S.W.2d 396, 402 (Tex.Civ.App.1975, writ ref'd n.r.e.) and authorities cited; *see also, New York Underwriters Insurance Co. v. Upshaw,* 560 S.W.2d 433 (Tex.Civ.App.1977, no writ). In *Merrifield v. Seyferth,* 408 S.W.2d 558, 562 (Tex.Civ.App.1966, no writ), the court held there was no error in the exclusion of evidence of hospitalization insurance where the bill of exceptions did not demonstrate relevancy, one of the reasons being that the policy was not made a part of the bill and there was no evidence as to whether the plaintiff was covered by the insurance. Appellant's third point of error is overruled.

 PGP's fifth point of error is that "[t]he trial court erred in rejecting a proposed waiver issue submitted by PGP." Requested issues are properly refused when they are not supported by competent evidence. *City of Houston v. Watson,* 376 S.W.2d 23, 31 (Tex.Civ.App.1964, writ ref'd n.r.e.). The elements of waiver are that the party possessing a right "(1) is aware of that right and (2)(a) expressly relinquishes it or (2)(b) acts in a manner inconsistent with, or fails to act in a manner consistent with, an intent to claim the right." *Alford, Meroney & Company v. Rowe,* 619 S.W.2d 210, 213–14 (Tex.Civ.App.1981, writ ref'd n.r.e.). Appellant's only evidence of element (2)(b) (element (2)(a) was not alleged) was that Keith Paul never asked PGP for a certificate or proof of insurance on Unit 158 or Unit 131, that during the two-and-one-half months PGP had Unit 131 Paul never insisted on return of the signed lease for 131, and that compressor rental companies require the lessee to sign and execute a written lease before delivery of equipment. Viewing the evidence in the light most favorable to appellant and disregarding all contrary evidence we find that the requested waiver issue is not supported by competent evidence. *Allied Finance Company v. Gammill,* 440 S.W.2d 897 (Tex.Civ.App.1969, writ ref'd n.r.e.); *City of Houston v. Watson, supra.* Submission of a jury issue is not required when supported by a mere scintilla of evidence. *Allied Finance Company v. Gammill, supra.* Appellant's fifth point of error is overruled. Judgment of the trial court is affirmed.